FRANK JAROZEWSKI, Appellee, v. GRANT ALLEN, W. B. AR-NOLD, WOOD ALLEN, Appellants.

Damages for Selling Liquor: LEGALITY OF SALE: *Burden of proof.* In an action for injury to plaintiff's means of support by the alleged unlawful sale of liquor, the burden was on defendant to show that the sales were lawful.

PROXIMATE CAUSE OF INJURY: *Jury question.* In an action for loss of support incident to the death of plaintiff's son, alleged to have been caused by defendant's illegal sale of liquor to the son, plaintiff alleged that the son's death was caused by his being so intoxicated as to allow the horse he was driving to bring the buggy into collision with a telephone pole near the road. Defendant alleged that the negligence of the telephone company was the cause of the death. *Held*, that the question of what was the proximate cause of the injury was for the jury.

Amendment During Trial: DISCRETION. The allowance of amendments at almost any stage of trial being the rule, permitting plaintiff to amend, even after he has rested, and defendant moved to dismiss, is not unwarranted exercise of discretion.

WAIVER OF OBJECTION TO. Where plaintiff was allowed to amend and introduce evidence after he had rested and defendant moved to dismiss, but defendant declined to avail himself of the option of taking a continuance at plaintiff's cost, defendant was not thereafter in a position to claim that the ruling was prejudicial to him.

·Review on Appeal: UNARGUED ASSIGNMENTS: Errors assigned, but not argued by counsel, will not be considered on appeal.

*Failure to except.*   Where no exceptions are preserved to rulings permitting an amendment and overruling a demurrer thereto, alleged errors in such rulings cannot be considered on appeal.

*Appeal from Dickinson District Court.*—HON. F. H. HEL-SELL, Judge.

WEDNESDAY, OCTOBER 22, 1902.

ACTION at law for damages. Judgment for plaintiff, .and defendants appeal.—*Affirmed.*

*Arnold & Beebe* and *L. E. Francis* for appellants.

*Harding & Harding* and *St. Clair & Reigard* for :appellee.

WEAVER, J.—The defendant Allen is alleged to have .been engaged in selling intoxicating liquors at Arnold's Park, in Dickinson county, and his codefendants are sure-ties upon the bond given by him for his faithful observ-vance of the mulct law. Plaintiff charges that on the 30th ·day of August, 1899, the defendant Allen, at his said sa-loon, unlawfully sold intoxicating liquors to plaintiff's :son, by which the latter became badly intoxicated, and unable to care for himself, in which condition he entered a carriage, and attempted to drive to his home, and that by reason of his drunken condition he was unable to manage the horse, and thus came into collision with a telephone pole standing within the limits of the highway, throwing the young man to the ground, and inflicting injuries caus-ing his death; that said deceased was contributing to the support of plaintiff up to the date of the accident, and that by reason of defendant's wrongful act, and the result-ing death of said son, plaintiff has been injured in his

means of support, for which he asks damages. The defendants deny that the alleged sales were unlawfully made, and allege that the business was being lawully carried on in accordance with the terms of the mulct law. They further say the death of plaintiff's son was caused by the negligence of the telephone company in placing the pole against which the deceased was thrown in dangerous proximity to the traveled way. During the progress of the trial the plaintiff was allowed to amend his petition by adding a count alleging that he had a contract with his son, by which the latter was to support his parents during the remainder of their lives in consideration of certain property received. The filing of this amendment was objected to, and defendant's demurrer thereto was overruled, but the record before us does not indicate that any exception was preserved to such rulings. Later in the trial, plaintiff having announced that he rested his case, defendants moved for a directed verdict in their favor on the grounds: (1) That Allen was shown to have been conducting a saloon in accordance with the mulct law; and (2) that there was no evidence that the sales to plaintiff's son were unlawful. After this motion was filed, plaintiff asked leave to reopen his case to file a further amendment and to offer additional testimony. This application was granted, with leave to defendants to take a continuance at plaintiff's costs if they should so elect, but, failing to do so, the trial proceeded to a verdict.

I. It may be said at the outset there is serious doubt whether the record before us is such as to give this court any jurisdiction. The abstract simply states "that within the statutory period due and sufficient notice of appeal was served on plaintiff and his counsel and the clerk of the district court." This statement is a conclusion of law, and embodies no fact which enables this court to determine for itself whether the notice was served in time to entitle the appellants to a hearing. It is

further to be said that the record does not disclose any exception to the judgment from which the appeal was taken.

II.   The first alleged error argued by counsel is upon the ruling of the court permitting plaintiff to reopen his case and to amend his petition.   The principal complaint urged upon our attention in reference to this phase of the trial is that appellants' counsel, by their objections and motions, were compelled to educate the trial court and plaintiff's counsel in the law of the case, and that such acquired knowledge was utilized to the discomfiture of the defendants.   Unfortunately, perhaps, for the defendants, it is nevertheless a law of nature (for which the appellee is presumably grateful) that possessors of knowledge are not able to conceal all their light under a bushel, and that in spite of their reticence some of that light will radiate outward to the illumination of others. But without attempting to pass upon the merits of appellants' claim in this respect, we think the trial court acted fairly within the limits of its discretion in making the rulings complained of.   It is too well settled to admit of the citation of authorities that under the practice prevailing in this state the allowance of amendments at almost any stage of a trial is the rule, and the refusal of such privilege is the exception.   It is true that this almost unlimited right of amendment leads too frequently to looseness in pleading, and to delay in legal procedure; but otherwise it is not often that any substantial injustice is done.   In the present instance the defendants were accorded the option of a continuance, and, having declined it, are not in a position to allege prejudice. *Aultman & Taylor Co. v. Shelton*, 90 Iowa, 288.   Moreover, the filing of the amendment did not in any respect change the attitude of the parties.   The burden was upon defendants to prove, if they so claimed, that the sale of liquor to plaintiff's son was under the protection of the mulct law.   In the absence of such

showing, the sales were presumptively unlawful, and it was for defendants to plead and prove the facts which would serve to show their exemption from liability. *State v. Pressman*, 103 Iowa, 452. The showing made in that respect is not so strong and clear that the court would have been justified in saying as a matter of law that the conditions of the mulct statute had been complied with, and the question was properly submitted to the jury.

III.   It is further urged that the amendment to the petition alleging a contract with the son for support does not state a cause of action, and that the damages based thereon are too remote. The rulings of the court in permitting this amendment and overruling the demurrer thereto, not having been excepted to, we cannot review them, and the pleading must be treated as sufficient.

IV.   There is no merit in the suggestion that the death of plaintiff's son was caused by the negligence of the telephone company in setting its poles. The question of the proximate cause of the injury was for the jury, and was submitted under appropriate instructions, and we cannot disturb the finding in that respect. The telephone pole appears to have been set some six feet within the limits of the highway, but, if the way was one of standard width, there remained at least sixty feet for the accommodation of public travel, which would seem to be reasonably sufficient, even for persons going home from the defendant's park.

V.   Many other errors are assigned, but, as they are not argued by counsel, we will not attempt to pass upon them. It is proper, however, that we say the strictures indulged in by counsel upon the attitude of the district court in the trial of the case are not justified by the record. The rulings were eminently fair, and the charge to the jury clear and impartial.

The judgment below is AFFIRMED.