OLA K. EDMUNDS, Administratrix, Appellee, v. GEORGE B. NINE-MIRES, Appellant, et al., Appellees.

**FRAUD:** **Evidence—Sufficiency.** Principle reaffirmed that fraud can-
1 not be assumed, and must be established by clear and convincing proof.

**VENDOR AND PURCHASER:** **Rescission—Forfeiture by Delay.** The
2 right of rescission of a contract of purchase is *per se* forfeited by a delay of almost two years after the full execution of the contract, with knowledge, or with ample means of acquiring knowledge, of every fact relevant to the deal.

**Headnote 1:** 22 C. J. p. 147; 23 C. J. p. 16; 27 C. J. pp. 44, 63. **Headnote 2:** 39 Cyc. p. 1428.

*Appeal from Wapello District Court.—*W. M. WALKER, Judge.

JUNE 25, 1925.

REHEARING DENIED OCTOBER 31, 1925.

SUIT for the foreclosure of a real estate mortgage and for personal judgment against the mortgagor and against the grantee of the mortgagor under an assumption clause. The grantee contended that he was induced to purchase the premises by false and fraudulent representations on the part of his grantor; that there was a failure of consideration; and that the contract between him and his grantor had been rescinded. The court decreed foreclosure of the mortgage, and established a personal liability against the grantee of the mortgagor, who appeals.— *Affirmed.*

*Gillies & Daugherty,* for appellant.

*Heindel & Hunt, Jaques, Tisdale & Jaques,* and *Blake & Blake,* for appellees.

*Mrs. George B. Ninemires, William Rutledge,* and *Mrs. William Rutledge, pro se.*

FAVILLE, C. J.—The defendant Griffith was the owner of certain tracts of land in Wapello and Davis Counties, this state. On or about the 20th of May, 1920, Griffith and his wife executed and delivered to plaintiff's intestate a certain mortgage securing the sum of $12,500 on said described land. The mortgage was duly recorded. In January following, Griffith conveyed said premises to the defendant Ira W. Collins, who in turn reconveyed the said premises to Griffith in May, 1921. The trial court dismissed the plaintiff's petition as against Collins and his wife, and, no appeal being taken from such action, we give them no further consideration in the case.

On August 31, 1921, Griffith conveyed the real estate in question to appellant, Ninemires, who, by the terms of the deed of conveyance, assumed and agreed to pay the mortgage in question. Appellant, by cross-petition, alleges that, on or about the

21st day of August, 1921, he entered into a contract with the defendant Griffith for an exchange of property, whereby Griffith undertook to exchange his equity in the lands in question for lands of appellant located in the state of Wyoming, and agreed to pay to appellant $7,500. Appellant's contention is that, at the time of the making of said transaction, when the deed in question was executed and delivered to appellant, Griffith represented and pretended to appellant that the tract in question contained 273¼ acres, when in fact it contained some 16 or 17 acres less than said amount. Appellant also alleges false and fraudulent representations in regard to the buildings on said premises, and alleges that the amount of incumbrance on said premises was falsely represented to appellant; and further alleges that Griffith has failed to pay the sum of $7,500, which was to be paid to appellant under the terms of the exchange of equities between the parties.

Before the execution and delivery of the deed in question, appellant went to the farm and inspected the same and made such examination thereof at the time as he desired. He held the title to the Wyoming land which, under the contract, he was to convey to Griffith upon payment of the $7,500. Griffith never made the payment, and appellant did not execute any conveyance to the Wyoming land, and still retains the title thereto.

No attempt was made by appellant to rescind the contract between him and Griffith until about twenty-two months after the deed was executed, and about nineteen months after this suit was commenced. Such, briefly, is a general outline of the case.

It may be conceded, for the purposes of this case, that any defense that would have been available to appellant as against Griffith is available to him against the appellee who is seeking to enforce the assumption clause in the deed. As bearing on the question, however, see *Benedict v. Hunt,* 32 Iowa 27; *Malanaphy v. Fuller & Johnson Mfg. Co.,* 125 Iowa 719.

I. One contention by appellant is that the assumption clause in the deed from Griffith to appellant was inserted by fraud, and that the deed should have provided that said land was conveyed to appellant subject to plaintiff's mortgage, and should not have provided that appellant assumed and agreed to

pay said mortgage. An examination of the record satisfies us that the greater weight of the evidence on this proposition sustains the finding of the trial court that the recitals of the deed were in accordance with the agreement of the parties, and that there was no fraud or misrepresentation in regard to the matter of which complaint is made.

II. It is contended that Griffith was guilty of fraud and misrepresentation in regard to the property conveyed to appellant, in the particulars heretofore specified.

It is quite evident that both parties were putting a trading value upon their respective tracts of land. The evidence in regard to the value of the Iowa land is greatly in conflict. This is not unusual. Appellant had ample opportunity to examine the farm before the contract was entered into, and he took possession and operated it for nearly two years. It is unnecessary that we set out the evidence in detail. We have examined the record, and concur in the conclusion of the trial court that appellant failed to establish fraud and misrepresentation in the procurement of the contract of exchange of lands that would justify the court in setting aside the deed or holding that appellant was not liable thereunder.

1. FRAUD: evidence: sufficiency.

As is not infrequent in cases of this kind, the vendee's hindsight is much better than was his foresight. Undoubtedly, hardship is the inevitable result of the transaction. But fraud cannot be assumed, and must be established by competent evidence. Each case must be governed by its own particular facts. The law governing such cases has been frequently declared, and is well established.

The decree of the trial court must be, and it is, approved, upon the record, as to the alleged fraud and misrepresentation. Appellant failed to establish his claim of fraud by that clear and convincing proof which is required. See *Ley v. Metropolitan Life Ins. Co.*, 120 Iowa 203; *Johnson v. Tyler*, 175 Iowa 723; *Brechwald v. Small*, 180 Iowa 22; *Harvey v. Phillips*, 193 Iowa 231.

III. Appellant contends that he effected a rescission of the transaction between him and Griffith.

The deed was executed and delivered to appellant on Au-

gust 31, 1921. As we understand the record, appellant placed his son-in-law in possession of the premises. The fraud and mis-representation, except, perhaps, as to a claimed shortage in acreage, must have been discoverable at the time. This action was commenced in December, 1921. In January, 1922, appellant filed an answer, which contained no claim of fraud, but denied any assumption of the mortgage indebtedness. In May following, appellant filed answer to Griffith's cross-bill, which contained no claim of fraud in the original transaction. It was not until June, 1923, that the defense of fraud and misrepresentation now urged, was alleged.

*2. VENDOR AND PURCHASER: rescission: forfeiture by delay.*

It is a familiar rule that one seeking rescission on the ground of fraud must act with reasonable promptness after discovering the fraud. *Moore v. Howe,* 115 Iowa 62; *Barnes v. Century Sav. Bank,* 165 Iowa 141; *Brechwald v. Small,* supra; *Ellis v. Annis & Rohling,* 187 Iowa 423. Even if appellant had been entitled to rescind, he did not act within such reasonable time as to be in a position to avail himself of the right to do so.

The decree of the trial court is sustained by the facts shown of record and by the law applicable thereto, and it is, therefore, —*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.