THEODORE J. KLEINMEYER, Appellant, v. FRED H. WILLENBROCK, Appellee.·

**FRAUD:   Fraudulent Representations—Damages—Scienter.**   *Scienter*—
1  knowledge of the falsity—is an indispensable element of an action for damages for fraudulent representation.   Evidence held insufficient to show knowledge of the falsity of representation relative to the extent to which a farm was tiled.

**COVENANTS:    Warranty and Incumbrance—Drainage Improvement.**
2   A covenant against incumbrance is not broken by the existence of a public drainage improvement on the land, nor is a general covenant of warranty breached by the fact that, subsequent to the

deed, an additional assessment is levied on the land for such improvement.

Headnote 1: 26 C. J. p. 1106; 27 C. J. p. 70. Headnote 2: 15 C. J. pp. 1275 (Anno.), 1285.

Headnote 1: 12 R. C. L. 328. Headnote 2: 7 R. C. L. 1140.

*Appeal from Iowa District Court.*—R. G. POPHAM, Judge.

OCTOBER 19, 1926.

REHEARING DENIED DECEMBER 16, 1926.

Suit in equity, which is essentially an action for damages in two counts. In the first count, damages are claimed for false representations in the sale of land. In the second count, damages are claimed for breach of covenant of warranty. After a trial upon the merits, the trial court dismissed the petition, and entered judgment against the plaintiff for costs.—*Affirmed.*

*J. M. Dower* and *Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*W. E. Wallace* and *C. P. McGrath,* for appellee.

EVANS, J.—I. The issues in this case were made by cross-petition of one defendant against another and by answer thereto. The suit in which the cross-petition was filed, was a fore-

1. FRAUD: fraudulent representations: damages: scienter.

closure of a mortgage upon the property. The controversy between the two defendants in the foreclosure suit has been segregated, and appears here in the form of an independent action. This will explain some features of the record which might otherwise seem incongruous. Kleinmeyer will be referred to herein as plaintiff, and Willenbrock as the defendant.

In May, 1923, the plaintiff acquired from the defendant the farm which figures in this controversy. At the same time, the plaintiff conveyed to the defendant a smaller farm. The agreed valuations were offset, and the lesser was applied upon the larger. The count for damages for false representations is predicated upon alleged representations made by Willenbrock that

his farm was well tiled. The plaintiff introduced evidence in support of the allegation that the representation was made. This was the first element of his case. This evidence, such as it is, is far from satisfactory to the judicial mind. To say in a given case that a farm is "well tiled" is not a very definite statement of fact, as distinguished from mere opinion. But we pass this feature of the case without stopping to discuss or weigh the comparative value of the evidence pro and con. *Scienter* was an essential element of plaintiff's case. It was incumbent upon him to prove not only that the representation was made, but that the defendant *knew* the same to be false. We find in the record no appreciable evidence in support of this element of the case. It is not claimed that the defendant tiled this farm or caused it to be tiled. He came into possession of it on March 1, 1920. He farmed it for that year. He rented it to a tenant in the year 1921, and farmed it himself in 1922. He had planted his crops in the spring of 1923, when the plaintiff bought the same, and the plaintiff went into immediate possession. This land was "bottom land," and lay between the Iowa River and Bear Creek, and on both sides of Bear Creek. Bear Creek flowed into the Iowa River at a point not far distant. The farm was traversed by the right of way of the Chicago, Rock Island & Pacific Railway, and also by an open drainage ditch, which had been established for two years prior to the acquisition of the same by the plaintiff. The evidence discloses that the farm produced good crops during each of the three years that it was owned by the defendant, and produced a fourth good crop in 1923 to the plaintiff himself. It appears, however, that, in the year 1924, the farm was flooded by the overflow of the river and the creek, greatly to the damage of the plaintiff. It also appears that the flood of that year was unprecedented. The tiling, whether good or ill, had no influence upon such flood. The flood of that year appears to have been the stimulus of this suit. However, in the year 1925 it produced again a bountiful crop. The importance of this annual crop production is that the plaintiff seems to rely for proof of *scienter* on the fact that the defendant had owned the farm for three years, and was therefore in position where he could have ascertained the truth or falsity of his alleged representation. It is not claimed that he had any other

knowledge of the condition of the tile except such as would be imparted to him by the practical operation of the farm.

We think the proof offered wholly failed at this point, and that the plaintiff is not entitled to recover upon this count.

II. Under the second count of his petition, the plaintiff claims damages for breach of covenants in the deed, in that the farm was charged by condemnation with an easement in favor

2. COVENANTS: warranty and incumbrance: drainage improvement.

of the drainage district. This easement rested upon 5.70 acres thereof. $250 of damages had been allowed and paid to the defendant for such easement. The farm was assessed with benefits to the amount of $1,900. These assessments were assumed by the plaintiff in his deed. Plaintiff recognizes at this point that his claim runs counter to the holding of this court in *Stuhr v. Butterfield*, 151 Iowa 736, and he contends that such case is unsound in principle and contrary to the weight of authority, and should therefore be overruled. Our holding in the *Stuhr* case represents the settled judgment of this court, as indicated by later holdings. *Johnston v. Robertson*, 179 Iowa 838, and *Kurtz v. Gramenz*, 198 Iowa 222.

Such has been the holding in many other jurisdictions for many years. See note to *Schurger v. Moorman*, 36 L. R. A. (N. S.) 313. The substance of such holding is that the easement of a drainage ditch upon the farm through which it passes, is not within the contemplation of a covenant against incumbrances. There is nothing in such holding that forbids the parties from making specific agreement on the subject. In the absence of legal right to sue upon the covenant as such, no equities appear which would entitle the plaintiff to equitable relief. He knew exactly what he was buying, and knew that the drainage ditch traversed the farm. The fact that it damaged the farm, as well as conferred benefits thereon, was also open to his observation. The damage inflicted was a past event, and was permanent. He bought the farm in such damaged condition, and presumably paid correspondingly less therefor. We adhere to the cited cases, and they are fatal to the plaintiff at this point.

III. It appears that, in 1925, the board of supervisors levied an additional assessment upon this drainage district, including this farm. The plaintiff contends that this additional assessment worked a breach of covenant of warranty, and that he is en-

titled to recover the amount thereof. We find the claim without merit, for two reasons:

(1) . The plaintiff, by the deed which he received, assumed the payment of "all special assessments."

(2) The statute reserves to the board of supervisors at all times the power to impose the necessary additional assessments upon drainage districts.

The burden of this contingency necessarily rests upon every landowner subject to assessment within such district. This statutory power conferred upon the board of supervisors did not operate as an incumbrance against the land in a legal sense when the plaintiff acquired it.

The decree of the district court is, accordingly, affirmed.— *Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.