AUGUST JOHANIK, Appellant, v. DES MOINES DRUG COMPANY, Appellee.

No. 47221.

(Reported in 36 N. W. 2d 370)

March 8, 1949.

Chester J. Eller, of Des Moines, for appellant.

R. O. Garber, of Des Moines, for appellee.

Wennerstrum, J.—Plaintiff. originally instituted a suit at law against the defendant claiming that approximately $60,000 was due him in connection with a five-year-written contract entered into in May 1938 for the operation of defendant's farm commencing with March 1, 1939. 'The petition was in three counts. Count I alleged that there was due from the defendant one half of certain items growing out of the operation of the farm, the amount of which would be set forth when the plaintiff had an opportunity to examine the records in possession of the defendant. Count II alleged that there was a balance due plaintiff in the approximate sum of $25,000 for the years 1939, 1940, 1941 and 1942 and that an itemized statement would be set out as soon as the books and accounts were produced and examined. Count III of the petition alleged that the defendant had connived and schemed to defraud the plaintiff from the inception of the contract; that defendant had obtained certain agreements by threats, all to plaintiff's damage, both actual and exemplary in the sum of $15,000. On July 29, 1944, the defendant filed a motion to dismiss all three counts of plaintiff's petition, and subject to ruling on the motion to dismiss, moved the court to transfer Counts I and II to equity. This motion was overruled and the defendant thereafter appealed to this court. In an opinion in the case of Johanik v. Des Moines Drug Company found in 235 Iowa 679, 17 N. W. 2d 385, this court reversed the ruling of the district court.

Supplemental pleadings were filed from time to time by the respective. parties relative to the issues involved. Thereafter the cause came on for trial in equity upon Counts I and II and after due consideration by the district court it filed certain

findings of fact and conclusions of law. It held that at certain stated periods the plaintiff and defendant entered into a written agreement to the effect that the statement of account to such date was true and correct and the respective parties acknowledged receipt in full of all moneys due each of them. The trial court further found that on the 14th day of February, 1944, plaintiff and defendant entered into a final stipulation of settlement relative to the termination of their joint-adventure agreement. It also held as a matter of law that the plaintiff was not entitled to the relief he demanded, in that he had failed to sustain the allegations that there had not been a proper accounting; and further that the plaintiff had failed to sustain his allegations of fraud, collusion and overreaching on the part of the defendant in his relations with the plaintiff. It held that the plaintiff's petition should be dismissed with prejudice at his cost and decree was thereafter so entered. This decree further provided that the plaintiff's petition as amended, "including the cause or causes of action alleged therein be and the same is hereby dismissed with prejudice .* * *." From this decree the plaintiff has appealed.

The appellant in the pleadings filed and by the evidence presented sought to show that certain items were improperly charged against him in the accounting made. In the claimed errors enumerated as grounds for reversal the appellant contends that the failure of the trial court to consider favorably these items, constituted reversible error. Inasmuch as we shall limit our consideration of this appeal to the question whether the statements of account made at stated periods constituted a full and complete settlement between the parties we shall not summarize the pleadings filed or the several grounds for reversal. However, in connection with our limited consideration it should be stated that appellant pleaded in part that the manner of accounting used by appellant was improper, had no binding force or effect on either party, was invalid, was without consideration and was obtained through undue advantage and false promises and fraud. As one of the grounds for reversal appellant contends that certain releases signed by him did not constitute stated accounts, did not have any legal ex-

istence whatsoever and were obtained through false promises, undue influence and advantages and are not binding in any way upon him. It will not. be possible to set out the original agreement entered into between the parties because of its length. Besides it is not necessary for a disposition of this case.

By reason of the contention of appellee that there has been a settlement of the stated accounts on a yearly basis there is herewith set forth a portion of the agreement relative to these several yearly accounts, each of which is in the same wording. The material part of these agreements is as follows:

"Now, THEREFORE, IT IS HEREBY MUTUALLY AGREED by and between the Des Moines Drug Company, party of the first part, and August Johanik, party of the second part, that said statement of account is a true and correct account as it existed between the party of the first part and the party of the second part on the 31st day of December * * * with the exception that the interest due the party of the first part on the livestock and machinery furnished by it has not been computed and shown in the statement of account.

"IT IS FURTHER AGREED that neither the party of the first part nor the party of the second part have any claim of any nature whatsoever against each other, other than those set out in the statement of account, said statement being attached hereto, marked Exhibit 'A', and by reference made a part hereof, save and except the interest due the party of the first part by the party of the second part on the livestock and machinery furnished by the party of the first part.

"IT IS FURTHER AGREED by the undersigned, other than the party of the first part and the party of the second part, that they have received in full all moneys due them for any services rendered, whatsoever, to either the party of the first part, party of the second part, or to one or the other of them."

I. This court in the prior referred to appeal, Johanik v. Des Moines Drug Co., supra, held that the agreement entered into between the appellant and appellee was a joint-adventure agreement. It was further therein held that the parties to a joint adventure occupy a fiduciary relation as between them-

selves and that generally joint adventurers are governed by the same rules at least of substantive law that govern partners.

The appellee contends that the yearly stipulation of settlement to which we have previously referred was an account stated and that the appellant is bound thereby. Hereafter is set out authoritative statements relative to the applicable law of accounts stated:

In 48 C. J. S., Joint Adventures, section 11e, pages 846, 847, it is stated:

"When the parties to a joint adventure have had an accounting between or among themselves as to the amount of profits which each is to have, it constitutes an account stated between the parties, and in accordance with the well settled rule cannot be reopened or set aside unless impeached for fraud or mistake, especially if the parties have allowed it to stand for a long time without objection."

In 1 C. J. S., Account Stated, section 12, pages 697, 698, the following is set forth:

"As between themselves partners may make statements of accounts which will be binding on them unless impeachable for fraud or mistake, and such accounts may be stated either during the existence of the partnership particularly where, when the partnership was formed, the parties, by agreement, determined the manner in which such an accounting should be had, or upon its dissolution."

A further comment concerning an account stated between partners is found in 1 Am. Jur., Accounts and Accounting, section 30, page 285, wherein it is stated: "The general rule that an account stated is binding in the absence of proof of fraud or mistake is applicable to accounts stated between partners." Citing annotations, 11 A. L. R. 604, 75 A. L. R. 1289. See also 40 Am. Jur., Partnership, section 352, page 376.

Our holding in Doyle v. Duckworth, 149 Iowa 623, 633, 129 N. W. 59, to the effect that a statement made by one partner to the other cannot be treated as an account stated is overruled. Our research discloses that the point discussed in the last-cited case has not been cited in any of our subsequent cases.

In 1 C. J., Accounts and Accounting, section 330, page 705, the following is set out:

"An account stated, whether expressly or by implication, is prima facie evidence of the accuracy and correctness of the items thereof and of the liability of the party against whom the balance is found. And this is true, although the statement of account expressly provides for the correction of errors and omissions; such a stipulation does not render the statement any the less a settled account and subject to all the rules applicable to a stated account. Accordingly, the burden of adducing evidence of fraud or mistake rests on the party who would avoid its binding force, and in the absence of such evidence the account stated is conclusive both at law and in equity."

The following statement is found in 1 Am. Jur., Accounts and Accounting, section 30, page 285:

"It is well established as a general rule that an account stated is prima facie, but not conclusive, evidence of the correctness of the amount or balance shown thereby to be due, and is binding upon the parties in the absence of fraud, mistake, or error. While some of the cases contain assertions that the account stated is conclusive, such assertions generally seem to mean only that under the particular circumstances, fraud or mistake being not shown, the account became conclusive."

Iowa cases bearing upon an account stated include Morse & Littell v. Minton, 101 Iowa 603, 605, 606, 70 N. W. 691; Lull & Skinner Co. v. Kemmerer Vehicle Co., 136 Iowa 549, 553, 554, 114 N. W. 22; Hollenbeck v. Ristine, 105 Iowa 488, 492, 75 N. W. 355, 67 Am. St. Rep. 306; McCornack v. Central State Bank, 203 Iowa 833, 847, 211 N. W. 542, 52 A. L. R. 1297.

II. As heretofore set forth an account stated may only be set aside for fraud and mistake with the burden resting on the party seeking to do so. In the absence of such evidence an account stated is conclusive both in law and equity. It is our conclusion that the agreements concerning the yearly accounts and the final agreement between appellant and appellee each constituted an account stated and that the same can

only be set aside for fraud or mistake. It will be observed that in our prior reference to the applicable portion of appellant's pleading it is shown that he alleged that the matter of accounting used by the appellee was improper, had no binding force or effect on either party, was invalid, was without consideration, was obtained through undue advantage and false promises and fraud. Attention is called to the fact that the appellant does not allege there was any mistake in the submission and approval of the account stated and consequently the only basis upon which they may be set aside under the pleadings is the allegation that they were obtained through false promises and were fraudulent.

The applicable law in Iowa concerning the proof of fraud is set forth in the case of Exchange National Bank v. McCaffery, 175 Iowa 451, 458, 157 N. W. 209, 212, where it is stated:

"But fraud is not presumed, nor can it be inferred from circumstances which, in the light of the entire case, are consistent with the theory of integrity and fair dealing between the parties. The burden of proof to establish fraud is upon the party pleading the same. Shaffer v. Rhynders, supra. See Ley v. Metropolitan Life Ins. Co., 120 Iowa 203.

"The facts constituting fraud must be established by proof that is clear, satisfactory and convincing. Ley v. Metropolitan Life Ins. Co., 120 Iowa, at 209."

Other cases holding to this same effect are found in Edmunds v. Ninemires, 200 Iowa 805, 808, 204 N. W. 219; Eckhardt v. Bankers Trust Co., 223 Iowa 471, 478, 273 N. W. 347. A further case in which our holdings concerning fraud and the necessary proof are thoroughly reviewed is that of Dallas Real Estate Co. v. Groves, 228 Iowa 1232, 1238–1240, 289 N. W. 900, 292 N. W. 152.

Do the evidence and the issues as presented in this case warrant a holding that fraud has been committed? Has proof of the same been shown by clear, convincing and satisfactory evidence? Our examination of the record shows that the expense charged against appellant in connection with his attending a sale at Wisconsin was not fraudulently made. There

is no evidence to show that fraud was perpetrated on appellant in connection with this transaction. This is likewise true as to the claim for grass seed. The seed purchased was sown on the farm prior to the time the appellee commenced operations thereon. However, he had the benefit of the seed used during subsequent years and we do not find that in making this charge there was any fraud shown that would justify setting this item aside. As to the charge of $560 for the care of one hundred twenty head of cattle purchased in 1938 and prior to the time that the appellee took over the farm it is shown that these cattle were carried over and into the joint-adventure agreement and that the appellee had the benefit of the services rendered. We do not find any fraud in this respect. This is also true in connection with the item of $23.03 for small personal expenditures charged against the joint-adventure account. There is no merit to the claim that the six registered cows and six registered calves should have been valued at $2700 instead of $1275. This is just a question of individual valuation of this particular stock and there is an insufficiency of evidence of fraud in connection with this charge. A further claim for increased valuation by reason of increased weight of the cattle from the time of their purchase until the time the appellee took possession of them has been made in the amount of $870.83. This item might be said to be included in the charge for the care of the cattle, and the grain furnished for them. However, we have concluded that the degree of proof necessary to set aside a stated account under these circumstances has not been sufficiently shown to hold that this charge was not justified. Another disputed charge pertains to hay, straw, corn silage, oats and corn. It alone involves the value of these items at the time the appellant took over the operation of the farm. There is insufficient evidence to show that this valuation was fraudulently set out or reached. This is likewise true concerning the value of the livestock. There are two other contentions as to charges which are not supported by sufficient and proper evidence to warrant a holding that fraud was perpetrated.

Upon a review of the entire record we hold that the appellant has failed to submit evidence of fraud of such a clear,

318

convincing and satisfactory nature as to justify the setting aside of the account stated.

III. In our prior opinion, Johanik v. Des Moines Drug Co., supra, we held that Counts I and II of the appellant's petition should be tried in equity. The issues in these counts were tried in the instant case. While the record is not entirely clear we assume Count III remains undisposed of. The decision as to Counts I and II will be affirmed.—Affirmed.

MANTZ, C. J., and OLIVER, BLISS, HALE, GARFIELD, SMITH, and HAYS, JJ., concur.