E. O. BENSON, appellee, v. CHASE GRAIN STORAGE COMPANY, appellant, and PANTHER OIL & GREASE MANUFACTURING COMPANY, cross-appellant.

No. 48465.

(Reported in 67 N.W.2d 433)

592

DECEMBER 14, 1954.

REHEARING DENIED FEBRUARY 11, 1955.

Uhlenhopp & Cady, of Hampton, for appellant.

Leming & Hobson, of Hampton, for cross-appellant.

Lee B. Blum, of Hampton, for appellee.

WENNERSTRUM, J.—E. O. Benson brought an action against defendant Chase Grain Storage Company for services rendered in connection with the placing of roofing material on a building owned by the Chase company in Hampton, Iowa. By motion it brought in the Panther Oil & Grease Manufacturing Company from whom the Chase company had purchased the roofing material. It was pleaded by the Chase company in a subsequent counterclaim the material was not satisfactory and not as warranted and that the Panther company was guilty of a breach of warranty. The Chase company alleged and prayed that if they were required to pay Benson, the contractor, the Panther company should in turn compensate it. It also claimed damages for breach of warranty by the Panther company. Shortly prior to the commencement of the trial the court permitted the Panther company to amend its answer in which amendment it pleaded a written contract containing a contractual limitation of warranties. The Chase company thereafter pleaded in a reply fraud had been committed by the Panther company's representatives in inducing the execution of the written contract. It also pleaded in an amendment to its counterclaim that the Panther company, through its agents, fraudulently made statements to representatives of the Chase company its roofing material was of a kind and quality which would render the grain storage building watertight and free from leaks. The jury found in favor of Benson and allowed the full amount claimed. It found against the Chase company on its claim against Benson on its contract of employment and on its claim against the Panther company. The Chase company has appealed and the Panther company has cross-appealed. The nature of this cross-appeal will be commented on hereinafter.

The Chase Grain Storage Company is the owner of a grain storage building in Hampton, Iowa. It is of a quonset nature, of a multiple type, and was in part of metal construction. Prior to the incidents from which this litigation developed the Chase company had suffered loss of grain by reason of it becoming wet as the result of leaks in the roof of the building. Sometime dur-

ing the spring of 1950 Howard I. Smith, an officer of the Chase company, had a conference with one Emil Finer who was a soliciting representative for the Panther company. It is the claim of the Chase company that Finer stated the Panther products would weatherproof and waterproof the roof of the Chase building. At that time roofing material was ordered subject to the Chase company obtaining a contract for grain storage by the government. This contract was later obtained and the material which had been conditionally ordered was thereafter shipped by the Panther company.

The Chase company claimed that in connection with the negotiations for the purchase of the roofing material its representative had insisted the roof would have to be guaranteed to be watertight. It was contended Finer informed the Chase company the use of the Panther products would result in a watertight roof. During the course of the several conferences communications by telephone were had with a representative of the Panther company at its home office in Fort Worth, Texas. It is asserted by the Chase company that the Panther representative at the home office assured the Chase representative the Panther products would provide a watertight roof. Thereafter the Chase company by its representative signed an order blank. This individual testified he thought the paper he signed was merely an order to set aside the material. The Chase company asserts it did not get a copy of the order. It is claimed that when Finer, the Panther salesman, gave the Chase company's representative the paper to sign he did not mention there was anything in it relating to warranties.

E. O. Benson of Kansas City was a building contractor who had been suggested to the Chase company as a possible party who might be obtained to apply the roofing material. Following negotiations entered into between Benson and the Chase company, Benson brought the necessary Panther products to Hampton, Iowa, and the material was applied to the roof of the Chase Grain Storage Company building. This work was done by Ray L. Strahorn, a subcontractor, located at Iowa Falls.

Despite the application of the Panther material to the roof it continued to leak. Thereafter telephone communications were

had with the Panther company, and one of its representatives or officials at Fort Worth, Texas, informed the individual representing the Chase company the Panther company would send a district sales manager to see about fixing the leaks in the roof. This sales manager, after inspecting the roof, informed the Chase company that Benson or his subcontractor had not applied the roofing material properly and the Panther company would get someone to fix the leaks. However, the Chase company claims the Panther company did not do so. Subsequently a Chase representative again communicated with the district sales representative of the Panther company and the Chase company was advised that if it would order some more material the Panther company would get someone to patch the roof. The Chase company in reliance on the statements made to it ordered another supply of roofing material. It is the claim of the Chase representative he did not read the order which he signed and did not know whether or not it contained anything relative to warranties. He states he was told that it was merely an order for the Panther products. Due to the claims of the Chase company heretofore mentioned Benson was not paid for his services and he brought the present action against the Chase company for the recovery of the amount due him.

I. It is claimed by defendant Chase Grain Storage Company the trial court abused its discretion in allowing the amendment previously mentioned. The court suggested and offered a continuance to the Chase company, if it desired to so move, when the court was considering the motion to strike the amendment. The defendant did not elect to take such action.

Where the moving party to a motion to strike an amendment to a pleading rejects an offer of a continuance he waives the claimed error and we will not review this proposition on appeal. Kellar v. Lindley, 203 Iowa 57, 59, 212 N.W. 360. In 71 C. J. S., Pleading, section 583, page 1162, it is stated: "The failure of the adverse party to move for or accept a continuance constitutes a waiver of, or precludes him from subsequently asserting, an objection on the ground of surprise to the allowance of an amendment." See also Herring v. Davis, 47 Idaho 211, 273 P. 757; Cramer v. Parker, Mo. App., 100 S.W.2d 640, 646.

■ The permission to file an amendment is largely within the discretion of the trial court. Rule 88, Rules of Civil Procedure; Brown v. Schmitz, 237 Iowa 418, 423, 22 N.W.2d 340; Elson v. Nickles, 240 Iowa 292, 294, 36 N.W.2d 343. In Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 1389, 15 N.W.2d 286, we held the allowance of an amendment is the general rule and to deny it is the exception. See also Jarozewski v. Allen, 117 Iowa 632, 635, 91 N.W. 941, 942.

■ None of the witnesses called by the Chase company, with the exception of its officials, testified concerning the issue presented by the amendment to the answer filed by the Panther company. The contention on the part of the Chase company that it would have difficulty in obtaining its witnesses at a later date if a continuance had been taken is without merit under the facts shown. It would have made no difference as far as the changed issue was concerned.

II. The trial court refused to submit to the jury the issue of fraud in the inducement of the purchase of the roofing material by the Chase company from the Panther company. It is contended that error thereby resulted in the overruling of the Chase company's exception to the court's instructions for failure to submit this issue and the overruling of the motion for a new trial based on the same ground. It is the claim of the Chase company that it was induced to buy the roofing material by reason of the misrepresentations of the representatives of the Panther company. It is maintained one of the representatives of the Panther company stated he had personal knowledge the material would absolutely render the roof watertight and free from leaks. The record shows that originally the Chase company in its action against the Panther company alleged damages for breach of warranty. After the trial court had permitted the Panther company to amend its answer the pleadings then disclosed it was setting up a purported written contract prohibiting all warranties and representations except a written guarantee to replace material if it proved to be no good. After this amendment on behalf of the Panther company had been filed the Chase company filed a reply wherein it was alleged there was a fraud in the execution of the

writing signed by the Chase company because it was represented to be only an order. There was also filed an amendment to the Chase company's counterclaim against the Panther company in which it was alleged fraud was perpetrated in the inducement of the sale in that the Panther company, through its agents, misrepresented the material and was thereby liable in deceit, independent of any contract or writing. It thus appears the Chase company was endeavoring to present two theories: (1) a breach of warranty, and (2) deceit. It now complains because the court failed and refused to permit the second ground to be submitted to the jury.

The Chase company admits the trial court submitted the question what the contract was between the parties, that is, whether it was a written contract as claimed by the Panther company or an oral contract as claimed by Chase. It is maintained on the part of the Chase company that the court should have told the jury even if they found the contract between the parties was a written contract but was induced by fraud it would vitiate the entire contract and the Panther company would be liable for the fraudulent representations.

It is the claim of the Panther company that the record shows its representatives stated to the individuals acting for the Chase company the roofing material would seal the roof. It is also shown by the record these same representatives testified at the trial the material not only would seal the roof in question, if properly applied, but they had personally seen it seal roofs of the type on the Chase building, and in climates similar to that in Iowa. There is evidence material other than that furnished by Panther was applied to the roof. There is also evidence the Panther material was not applied in the manner directed in the instructions furnished for its use. The court submitted to the jury an instruction on implied warranty. The jury was therein told if it found the roof leaked because of the inadequacy of the Panther company roofing material the Chase company was entitled to recover against the Panther company. It is maintained the jury did not so find. It is also the contention of the Panther company that if the case had been submitted to the jury on the issue of fraud the Chase company would have had a greater

burden because under the implied warranty theory it had only to prove the warranty, the breach thereof, and the damage. On the other hand, under the issue of fraud it would have had to prove these same items plus an intent to deceive and defraud. It is the Panther company's contention there was no prejudice resulting by reason of the court's refusal to submit the issue of fraud. It is further asserted there were no misrepresentations, and that the statements made by the Panther representatives were believed by them to be true. Consequently it is maintained by the Panther company there was no fraud. It is shown the question submitted was whether or not the warranties were true or false. It would appear from the verdict of the jury it did not find they were false.

The burden of proof to establish fraud is on the party so pleading. Johanik v. Des Moines Drug Co., 240 Iowa 310, 316, 36 N.W.2d 370, and cases cited. There was no proof in the record that the representations made by the representatives of the Panther company were made for the purpose of and with the intent to defraud. Likewise, it was incumbent on the Chase company to prove the misrepresentations were made and also that the representatives of the Panther company knew they were false. Kleinmeyer v. Willenbrock, 202 Iowa 1049, 1051, 210 N.W. 447. At all times the Panther representatives maintained the material furnished would satisfactorily seal the roof if properly applied. There is an entire absence of a knowledge of fraudulent statements or intent to defraud by the Panther company through its representatives. By reason of a lack of proof of fraud or intent to defraud this issue was properly withheld from the consideration of the jury. As bearing on the sufficiency of evidence to submit the question of fraud to a jury see Griffiths v. Brooks, 227 Iowa 966, 289 N.W. 715.

III. The trial court withdrew from the consideration of the jury Exhibits 5, 6 and 7, and the Chase company claims error in this ruling and order. Exhibit 5 is a check in payment of the local transfer charges for the transportation of the material covered by the second order. Exhibit 6 is a check in payment of the material included in the second order. These checks show the amount of money expended by the Chase company in con-

nection with the second order and would go to the amount and extent of the damages, if any. Inasmuch as the jury found for the Panther company and against the contentions of the Chase company we do not see where there was any prejudice by reason of the withdrawal of these two exhibits. Exhibit 7 is the order blank for the second order of material. It is the Chase company's contention that even though the jury may not have thought there was a liability by reason of the first order they could have concluded that the salesmen made additional representations which would permit a recovery for the materials covered by the second order. We do not believe that this claim has merit. It is not supported by the evidence, and we consequently hold that as to these exhibits there was no error in withdrawing them from the consideration of the jury. There were no legal propositions submitted and argued or authorities cited in connection with this claimed error.

IV. The Chase company also asserts the court erred in submitting instruction 13½ to the jury in that it is claimed this instruction misconstrued a division of its counterclaim. It is further claimed this instruction construed a division of the Chase company's counterclaim as being based on misrepresentations of the quality of the workmanship of Benson, who applied the roofing material, rather than being based on a breach of warranty concerning the material. We have given consideration to this division of the counterclaim and find that in one paragraph of it the Chase company alleged the Panther company represented to individuals connected with the Chase company that Benson, the plaintiff, was a competent roofing contractor and that he would be able to and would apply the roofing material properly and in a workmanlike manner. It was further pleaded that in reliance on the Panther company's representation and warranty as to the quality of its products and in reliance upon the representations made by the salesman for the Panther company as to Benson's ability the Chase company entered into an agreement with the plaintiff for the application by him of the material purchased from the Panther company. It is particularly claimed by the Chase company the court's construction of a

division of its counterclaim is erroneous as this portion of the counterclaim was intended to and clearly stated the Panther company warranted its material and there was a breach of warranty. We cannot give this interpretation to this division of the Chase company's counterclaim. In other instructions submitted by the court the jury was instructed concerning the issue of representation and warranties.

At no place in the plaintiff's brief pertaining to the particular error here complained of is any portion of the instruction set out which is claimed to be erroneous. Reference is only made to the instruction in its entirety. We are not under any duty to incorporate the entire instruction and to then analyze it in detail where the complaining party does not give this court any definite items of which complaint is made. We have read the instruction and the pleadings and are convinced there was no error in instruction 13½ as submitted. The record discloses the Panther company only suggested the name of Benson, the plaintiff, as a possible contractor who might be obtained to apply the material. Benson was employed by the Chase company after negotiation instituted by its representatives.

V. As heretofore noted the Panther company cross-appealed and its appeal is directed to the overruling of its special appearance prior to the trial. We shall not set forth the pleaded grounds. The jury found in favor of the Panther company on the claim of the Chase company. Consequently the Panther company was not prejudiced by the overruling of its special appearance. A party may not appeal where it is not prejudiced by the court's action. Shaw v. Addison, 236 Iowa 720, 733, 18 N.W.2d 796, and cases cited. Where an appeal does not lie this court may dismiss it on our own motion even if the original appealing party does not move to dismiss the cross-appeal. Shaw v. Addison, supra. The cross-appeal is dismissed.

We affirm on the appeal of the Chase company and dismiss the cross-appeal of the Panther company.—Affirmed on appellant's appeal, cross-appeal dismissed.

GARFIELD, C. J., and BLISS, OLIVER, HAYS, THOMPSON, and LARSON, JJ., concur.