**In re the ESTATE OF George A. TOURVILLE, Deceased.**

**No. C7–84–2143.**

Court of Appeals of Minnesota.

April 23, 1985.

Review Denied June 27, 1985.

Alton J. Olson, Duluth, for Robert K. Eck.

Leonard A. Wilson, Jr., Cloquet, for Arthur W. Newgren.

Heard, considered and decided by POPOVICH, P.J., and LANSING and FORSBERG, JJ.

## OPINION

LANSING, Judge.

Robert Eck, the nephew of George A. Tourville, appeals from the trial court's grant of summary judgment to Arthur Newgren, the personal representative. Eck contends the trial court erred in finding insufficient evidence that Newgren had exerted undue influence in the preparation of Tourville's will to raise a genuine issue of material fact. We affirm.

## FACTS

Before his death in May 1983, George Tourville resided at the Villa Vista nursing home in Cromwell, Minnesota. His sister, Mary Newgren, and nephew, Arthur Newgren, also live in Cromwell. Tourville's only other sister living at the time, Eileen Wild, lived in Ocean Park, Oregon.

Tourville executed a will on July 16, 1982. Under its terms 20 percent of the estate's residue would go to Eileen Wild, 55 percent to Mary Newgren, and 25 percent to Arthur Newgren. The will specifies that:

[t]he variation in the percentage [of] said residue is intentional and not occasioned by accident, error or mistake; it being my intent that Mary E. Newgren receive a larger percentage than Eileen Wild.

Tourville nominated Arthur Newgren as personal representative and directed Newgren to distribute his 25 percent share, "as he sees fit and at his discretion," between Tourville's two sisters and any of his eight nieces and nephews who survived him. The will was apparently prepared by the administrator of the nursing home and was signed and acknowledged by two disinterested witnesses.

In June 1983 Newgren applied for and was granted informal probate of the estate. The proceeding was converted to formal probate on the petition of Eileen Wild in January 1984. Newgren was appointed personal representative. Within a few days, Newgren filed his final account and petitioned for settlement and a decree of distribution of the estate, which amounted to approximately $52,000 after expenses and costs of administration. Wild filed an adversary petition, alleging that Newgren had exerted undue influence over Tourville and asking the court to declare the will void and to distribute the estate in accordance with the laws of intestacy. Robert Eck of Crystal, Minnesota, son of George Tourville's deceased sister, Leah Eck, answered the adversary petition and also alleged that Newgren had exerted undue influence. Thereafter, Eileen Wild died. Her estate declined to continue the litigation, leaving Robert Eck as the only contestant of the will.

In March 1984 Newgren filed a note of issue, to which Eck filed a response of nonreadiness. In May 1984 Newgren moved to compel Eck to answer interrogatories and respond to a request for admissions. Newgren filed another note of issue in June, and a trial date was set by the court for August 1. Thereafter, Eck moved to stay the trial because he was not ready, and the trial was rescheduled for August 13. In July the trial was once again rescheduled, based on Eck's nonreadiness, for October 1.

Newgren's summary judgment motion was heard in September; Eck did not file a responsive motion or any supporting affidavits. He had done no discovery and had identified no witnesses for trial. He had answered Newgren's interrogatories, in which he admitted to seeing George Tourville only "occasionally" during the last five years of Tourville's life.

## ISSUE

Did the trial court err in granting summary judgment against appellant's claim of undue influence?

## ANALYSIS

■ On appeal from a summary judgment this court's function is to determine (1) whether there are any genuine issues of material fact, and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

Contestants of a will have the burden of establishing undue influence. Minn.Stat. § 524.3–407 (1982). In order to show undue influence,

The evidence must go beyond suspicion and conjecture and show, not only that the influence was in fact exerted, but that it was so dominant and controlling of the testator's mind that, in making the will, he ceased to act of his own free volition and became a mere puppet of the wielder of that influence.

*In re Estate of Prigge,* 352 N.W.2d 443, 445 (Minn.Ct.App.1984) (quoting *In re Estate of Congdon,* 309 N.W.2d 261, 268 (Minn.1981)). Factors bearing on a determination of undue influence include:

the opportunity to exercise it, active participation in the preparation of the will by the party exercising it, a confidential relationship between the person making the will and the party exercising the influence, disinheritance of those whom the decedent probably would have remembered in his will, singularity of the

provisions of the will, and the exercise of influence or persuasion to induce him to make the will in question.

*Id.* (quoting *In re Estate of Wilson,* 223 Minn. 409, 413, 27 N.W.2d 429, 432 (1947)).

The sole evidence of the alleged undue influence before the trial court was Eck's response to an interrogatory asking him to state with particularity the basis for his claim of undue influence, which was:

> Arthur W. Newgren had taken over management of all of George Tourville's affairs. He was with him when the will was prepared and helped frame the language of [the] paragraph from which he will benefit, if the will is allowed to stand.

The trial court found there was no genuine issue of material fact and ordered summary judgment for Newgren.

On appeal Eck appears to argue that because undue influence is a material factual issue, the trial court *cannot* grant summary judgment. When a motion for summary judgment is made and supported, however, an adverse party "may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial." Minn.R.Civ.P. 56.05; *see also Erickson v. General United Life Insurance Co.,* 256 N.W.2d 255, 258–59 (Minn. 1977) (summary judgment is proper when the nonmoving party fails to provide the court with specific facts indicating that there is a genuine issue of fact).

 Eck's attorney appeared at the motion hearing but did not file a responsive motion or any supporting material. He had performed no discovery on the claim. The only evidence of undue influence Eck advances is the statement that Newgren was present when the will was prepared. He alleges no facts suggesting that Tourville was mentally infirm or susceptible to Newgren's influence. Furthermore, Tourville did not disinherit those he probably would have remembered in his will, but left his property to his two living sisters and the nephew who helped care for him during the last years of his life. Under these circumstances the evidence Eck presents does not raise a genuine issue of material fact.

## DECISION

The trial court properly granted summary judgment because appellant's evidence of undue influence is insufficient to raise a genuine issue of material fact.

Affirmed.