In re the ESTATE OF Agnes RISTAU.

No. C9-86-964.

Court of Appeals of Minnesota.

Jan. 6, 1987.

Richard H. Bins, Daniel L. Ruffalo, Brown & Bins, Rochester, for appellant.

Matthew J. Opat, Ohlrogg & Opat, Chatfield, for respondents.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Following Agnes Ristau's death, five of her six children signed a petition to set aside the informal probate. The trial court granted summary judgment to the personal representative and Agnes' will was admitted for probate. The children appealed. We affirm.

## FACTS

Agnes Ristau died testate at the age of eighty-four. She is survived by six children, Herman Ristau, Roy Ristau, Dale Ristau, Dorothy Kiehne, Emily Lange and Roger Ristau. The children, other than Roger, signed a petition to set aside probate of the will, claiming that the will was a product of undue influence and/or duress. The petition contained no facts to support the allegations.

Mrs. Ristau's will provided:

1. Decedent's children were to take back items of personal property they had given their mother.

2. The household goods and personal property, *excluding* cash, bank accounts or the right to receive money, were to be disbursed to decedent's children through a family auction.

3. The balance due (approximately $37,500.00) on a contract for deed with Roger Ristau was devised to him. The balance due (approximately $37,500.00) on a contract for deed with Roger Ristau and his son Gary was bequeathed to them.

4. Specific awards of cash were made to each of the six children in the following amounts:

| | |
|---|---|
| Herman Ristau | $ 7,000.00 |
| Roy Ristau | 2,000.00 |
| Dale Ristau | 2,000.00 |
| Dorothy Kiehne | 22,500.00 |
| Emily Lange | 25,000.00 |
| Roger Ristau | 30,000.00 |

5. The remainder of her estate was to be divided one-fourth to Emily Lange and three-fourths to Roger Ristau.

Roger Ristau, the primary beneficiary of the will, lived next door to his mother. When his father became ill around 1964 Roger leased his parents' farm and ran it. Pursuant to oral agreement, he and his parents split the expenses and profit from the farm fifty/fifty. In addition to handling the day-to-day aspects of the farm, Roger's wife prepared and delivered Agnes Ristau's evening meal daily.

In 1984 Agnes Ristau sold her farm of approximately 360 acres with a tax as-

sessed value of about $250,000 to Roger Ristau and his son Gary on two separate contract for deeds, each for $40,000. Roger was the buyer on one contract, and Roger and his son Gary were the buyers on the other. Mrs. Ristau declined her attorney's advice on alternative methods of sale and was determined to sell it to Roger at the low price with favorable terms. Mrs. Ristau's attorney indicated that Mrs. Ristau initiated contact with him to draw up her will and that none of the children were actively involved in its preparation or present at its execution.

Mrs. Ristau's relationship with the five appellants varied. Roy Ristau had seen his mother only once in the past ten years. Dale Ristau saw his mother an average of twice a month. Herman Ristau also saw his mother several times a month and called her daily. He also helped out on the farm on occasion. Dorothy Kiehne saw her mother frequently and talked to her on the phone almost daily. She and her husband also helped out on the farm occasionally. Emily Lange saw her mother twice a month and talked to her daily. With the exception of Roy, all the children seemed to feel they were on good terms with their mother. Mrs. Ristau seemed happy with her two daughters, particularly Emily and had expressed some dissatisfaction with all four of her sons. The record also indicated that Mrs. Ristau was strong-willed and independent with regard to her financial matters. For the most part she dealt directly with her bank, attorney and tax accountant.

## ISSUE

Did the trial court err in granting summary judgment on appellants' petition to set aside decedent's will on the basis that it was a product of undue influence and/or duress on the part of her son, Roger Ristau?

## ANALYSIS

On appeal from summary judgment this court's function is to determine (1) if there are issues of material fact and (2) whether the law has been misapplied. *In re Estate of Tourville*, 366 N.W.2d 380, 381 (Minn.Ct. App.1985) *pet. for rev. denied*, (Minn. June 27, 1985). In granting summary judgment, the trial court found "that no genuine issue of fact exists which would support" setting aside the will on the basis of undue influence or duress. An issue of material fact is one from which reasonable people might draw different conclusions and is one of such nature that its resolution will affect the outcome of the case. *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974). Any doubts as to the existence of a genuine issue of fact must be resolved in favor of the nonmoving party. *Id.*

Contestants of a will bear the burden of proving undue influence. Minn. Stat. § 524.3–407 (1984); *In re Estate of Tourville*, 366 N.W.2d at 381. To show undue influence:

> The evidence must go beyond suspicion and conjecture and show, not only that the influence was in fact exerted, but that it was so dominant and controlling of the testator's mind that, in making the will, he ceased to act of his own free volition and became a mere puppet of the wielder of that influence.

*In re Estate of Reay*, 249 Minn. 123, 126–27, 81 N.W.2d 277, 280 (1957) (footnote omitted). Such influence must overpower the will of the testator and "must operate at the very time the will is made and dominate and control its making." *In re Estate of Marsden*, 217 Minn. 1, 9, 13 N.W.2d 765, 770 (1944). At trial undue influence must be established by clear and convincing evidence. *In re Estate of Reay*, 249 Minn. at 126, 81 N.W.2d at 280. That evidence generally will be circumstantial and direct evidence is not required. *In re Estate of Olson*, 176 Minn. 360, 365, 223 N.W. 677, 679 (1929). Important factors which may prove undue influence are

1. The opportunity to exercise a influence.

2. Active participation in the preparation of the will by the party exercising influence.

3. A confidential relationship between the willmaker and the party exercising influence.

4. Disinheritance of those who probably would have been remembered.

5. Singularity of the will provisions.

6. Exercise of influence or persuasion to make the will in question.

*In re Estate of Olsen*, 357 N.W.2d 407, 411–12 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Feb. 27, 1985). Appellant argues all of these factors are present and permit an inference of undue influence. *See In re Estate of Peterson*, 283 Minn. 446, 449, 168 N.W.2d 502, 504 (1969) (Any one of several facts "might not have been enough to establish undue influence," but when taken together could permit an inference of undue influence).

 Not all of these elements were present in this case. Roger Ristau probably had the opportunity to exercise some influence and had a confidential relationship with his mother, but there is no evidence of the remaining factors. There was no active participation in the making of the will, and none of the children were present when the will was drawn or executed.

The children all received a bequest of varying amounts. The favorable terms of the sale of the homestead to Roger are insufficient to show undue influence. As the trial court judge indicated:

> Inequality of distribution is not sufficient to support a finding of undue influence on the testator. *In re Mazanec's Estate*, 283 N.W. 745 (Minn.1939). * * * Pure suspicion is not enough to justify setting aside a will on the grounds of undue influence.

In *In re Estate of Marsden*, the Minnesota Supreme Court said:

> Evidence which raises merely a suspicion and shows no more than a motive for exerting and an opportunity to exert undue influence is insufficient proof thereof, though coupled with proof of inequality in the terms of the will.

217 Minn. at 10, 13 N.W.2d at 770. *See In re Estate of Anderson*, 379 N.W.2d 197, 201 (Minn.Ct.App.1985), *pet. for rev. de-*

*nied*, (Minn. Feb. 19, 1986) ("opportunity alone cannot sustain a finding of undue influence").

 Excerpts from Agnes Ristau's diary indicating Roger's irritation about things his mother had done or failed to do were insufficient to show undue influence.

## DECISION

The trial court was correct in finding that there was no material issue of fact. The summary judgment is affirmed.

Affirmed.