John C. REHMANN, Appellee,

v.

Clovis BALDUCHI, Appellant.

No. 53130.

Supreme Court of Iowa.

July 24, 1969.

Earl W. Sutton, of Sutton & Nielsen, Altoona, for appellant.

William Wimer of Stewart, Wimer, Brennan & Joyce, Des Moines, for appellee.

RAWLINGS, Justice.

Law action, tried to the court, on account stated, resulted in judgment for $1500 against defendant and he appeals. We affirm.

The record discloses this instrument was signed by defendant in plaintiff's office:

"In consideration of the efforts made by John C. Rehmann we agree that if we are awarded the contract for the heating and plumbing, for the Oak Park Nursing Home project, or successor, at Nevada, Iowa, we will pay to John C. Rehmann at Des Moines, Iowa, as we receive payments on the contract, Fifteen hundred dollars out of the first 2 draws.

"Fair Ground Plb.

" /s/ C. Balduchi 4/16/65"

During trial plaintiff offered, and the above instrument was admitted in evidence. Plaintiff also testified he knew, of his own knowledge, defendant had been awarded and was paid in full for the contract on the Oak Park Nursing Home.

Additionally plaintiff's testimony discloses these two parties conferred subsequent to the signing of the above agreement regarding payment.

Exhibit B is a letter from plaintiff to defendant summarizing past efforts by the former to collect, and requesting a meeting to settle the obligation.

Defendant denied any dealings with plaintiff relative to the nursing home proj-ect before April 15, 1965, admitted having signed the document introduced by plaintiff, supra, but stated he did not, at that time, owe him any money.

Trial court found an account stated between defendant and plaintiff in the sum of $1500 and granted judgment accordingly.

Defendant here contends trial court erred in, (1) overruling his motion for directed verdict after plaintiff's evidence; (2) permitting plaintiff to belatedly amend his petition asserting a new issue; (3) overruling a motion for directed verdict at the close of all the evidence; (4) finding a fact not supported by the record.

■ I. Without question the burden was on plaintiff to prove existence of an account stated by a preponderance of the evidence. Rule 344(f) (5), (6), Rules of Civil Procedure. And an examination of defendant's assignments on appeal discloses the basic question presented is whether plaintiff sustained that burden of proof.

■ As previously stated this case was tried to the court. Resultantly, trial court's findings have the effect of a special verdict and are binding on us if supported by substantial evidence. Rule 344(f) (1), R.C.P., and Dailey v. Holiday Distributing Corporation, Iowa, 151 N.W.2d 477, 483.

■ Also, in considering defendant's claim to the effect he was entitled to a directed verdict, all evidence is viewed in that light most favorable to plaintiff. Rule 344(f) (2), R.C.P., and Naxera v. Wathan, Iowa, 159 N.W.2d 513, 516.

II. Dealing with the elements necessary to establish an account stated, in the case of In re Estates of Koch, 256 Iowa 396, 127 N.W.2d 571, this court said at 256 Iowa 400, 127 N.W.2d 573: *"An account stated has been defined as 'an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express*

or implied, for the payment of such balance. *It must show that there is a balance due, the amount of that balance, and from whom it is due. The doctrine of accounts stated now generally extends to all cases where the relation of debtor and creditor exists,* * * *. Its importance lies in the fact that it imputes to the apparent debtor an admission of liability for the amount of the balance against him and an actionable promise to pay it.' 1 C.J.S. Account Stated, § 1, pp. 693, 695; Weaver Construction Co. v. Farmers National Bank, 253 Iowa 1280, 1287, 115 N.W.2d 804; see also 1 Am.Jur.2d 396, 397, Accounts and Accounting, § 21.

" 'An account stated may be shown by any instrument based on past transactions and admitting indebtedness in a certain sum thereon. Thus the requisite assent may be evidenced by the execution of promissory notes, checks, duebills, or acceptances.' 1 C.J.S. Account Stated, § 36, pp. 714, 715.

" 'The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular items. It is a liquidated debt, as binding as if evidenced by a note, bill, or bond. Though there may be no express promise to pay, yet from the very fact of stating the account the law raises a promise as obligatory as if expressed in writing, to which the same legal incidents attach as if a note or bill were given for the balance.' 1 Am.Jur.2d 396, Accounts & Accounting, § 21." (Emphasis supplied.)

See also Corbin on Contracts, Account Stated, section 1303, pages 233–236.

■ In the instant case, as aforesaid, defendant admitted signing the agreement, quoted above. Additionally plaintiff's uncontroverted testimony concerning conversations with defendant, in connection with plaintiff's efforts to effect a collection, tends to support the conclusion defendant, in executing the instrument, recognized a past debt due. Moreover, the document itself states, "In consideration of the efforts made" by plaintiff the amount specified is owing. From this alone trial court could logically conclude there had been prior dealings between the parties.

■ Admittedly plaintiff's testimony discloses some conflicting statements, but as we said in Houlahan v. Brockmeier, 258 Iowa 1197, 1201, 141 N.W.2d 545, 548, 924: " 'The rule making the credibility and the weight of testimony a question for the jury [trier of the facts] applies notwithstanding there are contradictions or inconsistencies in the testimony of a particular witness, * * *.' "

Viewing all the facts together, it is to us apparent they lend substantial support to trial court's finding of an account stated.

■ III. Having so determined, we consider finally defendant's assignment to the effect trial court erred in permitting plaintiff to amend his petition at the close of all the evidence.

Defendant argues, plaintiff's belated oral amendment served to change the action from one on account stated.

However, it is to us apparent, and plaintiff concedes, the purported amendment does nothing more than reiterate a portion of the original petition. See in this regard 71 C.J.S. Pleading § 275, page 580.

In any event, holding as we do, trial court was justified, under the evidence, in finding for plaintiff on an account stated, there is no need to extend this opinion by a discussion as to error, if any, in permitting the questioned amendment.

Affirmed.

All Justices concur.