**R. J. SCHNABEL, Appellee,**

v.

**DISPLAY SIGN SERVICE, INC.,**
**Appellant.**

**No. 56077.**

Supreme Court of Iowa.

June 26, 1974.

Upton B. Kepford, Waterloo, for appellant.

William C. Ball, Waterloo, for appellee.

Heard by MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

On August 4, 1970 plaintiff commenced this equity action for accounting against defendant, his former employer. His petition alleged he had been employed as a salesman for defendant on a commission basis from April 14, 1964 to March 31, 1970 and that defendant had failed to make a full accounting of his earnings. Defendant's answer denied generally plaintiff's allegations but did admit plaintiff had been employed during the period alleged by plaintiff. Defendant alleged the employment was on a salary basis only. Defendant denied any indebtedness to plaintiff as well as his claimed right to an accounting.

Trial to the court resulted in judgment of $6944.07 for plaintiff. On its appeal here defendant asserts: "The trial court erred in entering judgment for Schnabel in any amount because: A. Schnabel's claim

was effectively foreclosed under the doctrine of Account Stated and B. The overwhelming weight of the credible evidence establishes that Schnabel was employed on a salary basis only and was entitled to no commission whatsoever."

I. As virtually admitted by defendant-appellant's counsel in oral argument before us, the first-assigned proposition is untenable.

■ An account stated is an agreement between parties who have had monetary transactions that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, to pay such balance. Rehmann v. Balduchi, Iowa, 169 N.W.2d 894, 895, 896; In re Estates of Koch, 256 Iowa 396, 400, 127 N.W.2d 571, 573, and citations. See also 1 Am.Jur.2d, Accounts and Accounting, section 21.

■ As now asserted by defendant the claim of account stated is an affirmative defense. Weaver Construction Co. v. Farmers Nat. Bk., 253 Iowa 1280, 1288, 115 N.W.2d 804, 808. Defendant's answer did not plead the defense of account stated. In order to rely upon this defense, defendant should have raised it in its answer. Rule 103, Rules of Civil Procedure.

Not having been pleaded the trial court did not consider or rule upon the now-claimed defense of account stated.

■ Questions not presented to and not passed upon by the trial court cannot be raised or reviewed on appeal. Polson v. Meredith Publishing Company, Iowa, 213 N.W.2d 520, 523; Cole v. City of Osceola, Iowa, 179 N.W.2d 524, 527.

■ II. The decisive issue presented on this appeal under defendant's second proposition is entirely factual. The only real question is whether plaintiff worked as a salesman on commission or on salary only. The burden of proof follows plaintiff's allegation he was employed by defendant under a sales commission agreement. Rule 344(f)(5), R.C.P.

Included in the trial court's carefully prepared findings of fact is this observation: "The evidence presented by each party * * * is somewhat unusual." We agree.

Plaintiff first entered into defendant's employ about May 1, 1963 as office manager on a straight salary. On January 1, 1964, on a temporary basis, plaintiff became plant supervisor at an increased salary. About April 15, 1964 plaintiff's duties were changed to that of a salesman. The parties admit an agreement for his compensation was made at that time between plaintiff and Frank W. Van Kerckhove, president of defendant-corporation. Mrs. Van Kerckhove was the only other officer of the corporation. She was vice-president and office manager during most of the period here involved.

Plaintiff testified that in April 1964 he and Mr. Van Kerckhove orally agreed he was to be employed as a salesman for defendant and that he would be paid "X" number of dollars per week (which initially was $110) and there would be a commission plan worked out based on ten percent of his net sales; that he would be furnished a car with expenses of gasoline and oil for the car deducted from his commissions.

As a witness called by plaintiff Mr. Van Kerckhove confirmed the terms of the April 1964 employment agreement but testified he did not remember whether there was any discussion of commission at that time.

Plaintiff continued working as a salesman and Mr. Van Kerckhove's "man Friday" until March 31, 1970 when he quit to take employment with another company.

Plaintiff received a regular weekly salary (which was increased from time to time) but never received a commission payment. However starting as early as January 1, 1965 defendant kept extensive

records reflecting gross sales made by plaintiff, computation of ten percent commissions based upon those sales, and a recapitulation showing the commissions less the salary paid, less the gas and oil expense. Plaintiff received monthly statements from defendant's bookkeeping department designated "Rollie's Comm. Sheet" or "Orders Written' by Rollie". They set forth the job name, the date the order was written, the net amount billed to the customer and a ten percent commission. They frequently contained a recap of the salary received, the commission earned and the gasoline and oil expense incurred.

Mr. Van Kerckhove claimed these office records and monthly statements were not commission accounts for plaintiff's compensation but were records used solely for internal bookkeeping purposes.

Plaintiff's exhibit A is a written compensation agreement signed by defendant's president Van Kerckhove. It was delivered to plaintiff sometime in 1969. It was consistent with plaintiff's testimony of the compensation agreement reached in April 1964. Mr. Van Kerckhove identified it as a form distributed to other salesmen and denied it applied to plaintiff. However it included reference to the weekly amount then being paid plaintiff.

Plaintiff at no time demanded payment of commissions above his weekly draw. Some years he was given a bonus and a paid vacation. Plaintiff testified he early discovered mention of commissions seemed to irritate Mr. Van Kerckhove and he did not want to jeopardize his employment. He made no mention of the matter to Mr. Van Kerckhove when he resigned. This action was commenced shortly thereafter.

The trial court found and concluded plaintiff had proven his right to an accounting and to recover the amount reflected by defendant's records, $6944.07. It is apparent the trial court gave weight to plaintiff's testimony as supported by defendant's bookkeeping records. Mr. Van

Kerckhove testified plaintiff was honest and trustworthy.

 Our review in this equity action is de novo. Rule 334, R.C.P. We must review the facts as well as the law and enter what conclusions we deem proper. Wolf v. Murrane, Iowa, 199 N.W.2d 90, 100; Cole v. City of Osceola, Iowa, 179 N.W.2d 524, 527. Of course, we must give considerable weight to the findings and decree of the trial court, especially on conflicting testimony. We have always recognized the trial court in such matters has a better opportunity, from seeing and hearing the witnesses, to pass more accurately upon the credibility of their testimony. Owen v. Wilden Hospital, Inc., 245 Iowa 382, 388, 62 N.W.2d 186, 190 and citations.

By our de novo review of the entire record we reach the same conclusion as that of the trial court. The decision and judgment entered below must be affirmed.

Affirmed.