**Vincent ERICKSON, d.b.a. E & B Agency, Appellant,**

v.

**GENERAL UNITED LIFE INSURANCE COMPANY, Respondent.**

**No. 46799.**

Supreme Court of Minnesota.

June 17, 1977.

Rehearing Denied July 13, 1977.

Patrick F. Sullivan and Edward A. Towey, St. Paul, for appellant.

Hvass, Weisman & King, and Charles T. Hvass, Jr., Minneapolis, for respondent.

TODD, Justice.

In October 1969, Vincent Erickson, doing business as E & B Agency, entered into an "Agency Incentive Agreement" with General United Life Insurance Company (United). Erickson was to be compensated for writing accident and health insurance policies based on an accounting procedure between the parties reflecting premiums, reserves, and losses. On August 25, 1970, United notified Erickson it was terminating the agreement effective February 22, 1971. Accounting statements were submitted by United to Erickson through April 1972. Erickson did not file a written objection to any of the accounting statements received as required by the contract. In June 1975, Erickson brought an action for an accounting between the parties. The trial court granted United partial summary judgment as to the transactions and amounts reflected in the accounting statements through April 17, 1972, and further sustained United's objections to certain inter-

rogatories submitted by Erickson. We affirm.

The agency agreement entered into between the parties entitled Erickson to compensation for accident and health insurance policies written by him. In order to determine the amount of compensation due Erickson, monthly accounting statements were prepared by United, in accordance with the agency agreement, reflecting certain amounts credited to Erickson [1] and deductions from those amounts.[2] Through this process, Erickson was informed on a monthly basis of the proposed accounting between the parties. The agency agreement required Erickson to file a written objection with United to each accounting statement which he claimed to be erroneous "* * * on or before the next monthly accounting is due * * *." The agreement also provided that it was to be construed in accordance with the laws of the State of Iowa.

Beginning in July 1970 and continuing through April 1972, consistent with the provisions of the agreement, United forwarded accounting statements to Erickson indicating that he owed the company varying amounts of money. Erickson never filed a written objection with United to any of these statements, as required by the agency agreement. The final accounting statement transmitted in April 1972 reflected a deficit balance in Erickson's account of $17,287.14.

In June 1975, Erickson commenced this action asking for an accounting between the parties and for judgment against United for the amount determined to be due. Thereafter, Erickson served certain interrogatories upon United. United filed objec-

---

1. The agreement provided that Erickson was to be credited with a sum which included (1) the amount of premiums collected during the month; (2) the amount of unearned premiums at the beginning of the month; (3) unpaid losses at the beginning of the month; and (4) recoveries from reinsurance companies during the month.

2. In order to reflect certain losses incurred by the company on policies written by Erickson, the following deductions were made from the amount credited to Erickson: (1) The amount of unearned premiums at the end of the month; (2) losses calculated on the basis of a formula provided in the agreement; (3) unpaid losses; (4) payments to reinsurance companies during the month; (5) advance payments made to the agents; and (6) 30 percent of the premiums paid to cover United's office costs.

tions to several of the interrogatories[3] and at the same time moved for partial summary judgment regarding all the transactions and charges between the parties reflected in the accounting statements through April 1972. The trial court granted the motion for partial summary judgment based upon the provision in the agreement which required written notice of objections to accounting statements claimed to be erroneous.[4] The trial court order also sustained United's objections to the interrogatories and in a memorandum accompanying the order provided that Erickson was nevertheless still entitled to an accounting for any monies determined to be due subsequent to April 1972.

The issues presented on appeal are (1) whether Erickson provided the trial court with sufficient evidence of timely written objections to the accounting statements submitted by United to successfully oppose the motion for partial summary judgment, and (2) whether the trial court's action in quashing the interrogatories objected to by United was proper.

1. Erickson contends that the trial court's order granting United partial summary judgment was improper because there is an issue of material fact present concerning whether he filed timely objections to the accounting statements. United's motion for partial summary judgment was accompanied by an affidavit setting forth the particular accounting statements submitted to Erickson from July 1970 through April 1972. In addition to the affidavit, United filed a memorandum with the trial court in support of the motion stating that Erickson

had failed to object to any of the accounting statements. Erickson submitted an affidavit in response to the motion for summary judgment in which he stated in part:

"That on or about April 17, 1970, he received a copy of a memorandum from defendant claiming an overpayment of $2,162.67.

"That immediately upon receipt of this memorandum, he called defendant numerous times to discuss this matter.

"That on or about May 6, 1970, he received a letter from Dale Squires, the treasurer of defendant, asking for the $2,162.67.

"That on or about May 13, 1970, he sent a letter to the attention of Mr. Squires, at defendant's address.

"That he has continuously objected to the statements and accountings of defendant."

Erickson asserts that these averments create an issue of material fact as to whether he made timely objection to the accounting statements submitted by United. The first four averments are not material to the issue in dispute because all of these events occurred before July 1970 which is the first month an accounting statement was received by Erickson. It is rather obvious that events preceding the submission of the first statement cannot be construed as an objection to those statements.

The final averment included in the affidavit is general in nature. As such, it is insufficient to oppose a motion for summary judgment. It is the rule in Minnesota

---

3. The particular interrogatories objected to read as follows: "a. For each and every policy issued by the defendant and procured by the plaintiff, state:

&ast; &ast; &ast; &ast; &ast; &ast;

"9. The names of all agents who have serviced the policy and the dates they had the policy.

&ast; &ast; &ast; &ast; &ast; &ast;

"11. The reason the losses were paid."

4. The objection procedure was enumerated in paragraph 7(c) of the agreement which provided: " * * * All payments and accounting given by Company to Agent shall be deemed

final and conclusive for the accounting or payment period unless Agent shall, on or before the next monthly accounting is due by the Company to the Agent as stated above, give notice in writing of any error in accounting or payment. If no such objection is made, the Company shall not be obligated to provide a further accounting or payment. Agent shall also state in writing within said period any failure of Company in fulfilling its obligations under the terms of this Contract. Agent waives any claims or actions against Company for the period of the accounting unless Agent objects in writing within said period."

that summary judgment is proper when the nonmoving party fails to provide the court with specific facts indicating that there is a genuine issue of fact.[5] In order to successfully oppose a motion for summary judgment, a party cannot rely upon mere general statements of fact but rather must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trial. *Borom v. City of St. Paul*, 289 Minn. 371, 184 N.W.2d 595 (1971); Rule 56.05, Rules of Civil Procedure; 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 573.

The provisions of the agency agreement are unambiguous. The written objection procedure enumerated in the agency agreement provided a means whereby the parties could establish a final account or account stated as to the transactions and charges covered by a particular accounting statement. Erickson did not present the trial court with any evidence indicating compliance with the objection procedure. Erickson's failure to submit a timely written objection to any of the statements forwarded by United operated to create an account stated between the parties as to all transactions and charges between the parties through April 1972.

It is the general rule that an account stated is prima facie evidence of the accuracy and correctness of the items noted thereon and of the liability of the party against whom the balance refers. *Johanik v. Des Moines Drug Co.*, 240 Iowa 310, 36 N.W.2d 370 (1949). See, also *Schnabel v. Display Sign Service, Inc.*, 219 N.W.2d 546 (Iowa 1974); *Rehmann v. Balduchi*, 169 N.W.2d 894 (Iowa 1969). In order to successfully challenge an account stated, one must be able to affirmatively demonstrate either fraud or mistake by clear and convincing evidence. *In re Koch's Estate*, 256 Iowa 396, 127 N.W.2d 571 (1964). Erickson did not allege either fraud

or mistake during any phase of the action. Thus, the parties by agreement and by their actions created an account stated for the period of time covered by the accounting statements from July 1970 through April 1972. An action for an accounting cannot be maintained when the account between the parties has been fixed. We are in accord with a statement included within the trial court's memorandum:

"The Agency Incentive Agreement is binding upon both parties, including the provision for accounting and any objections thereto. The Plaintiff having failed to object to such statements in a timely fashion, the accounting statements are controlling and binding upon the parties herein."

Thus, the decision of the trial court to grant United partial summary judgment is affirmed.

2. We do note that partial summary judgments are interlocutory in nature. See, *General Ins. Co. of America v. Lebowsky*, Minn., 252 N.W.2d 252 (1977). As such, they are not true judgments and appeal therefrom should be included within a single appeal from a final judgment which fully disposes of the litigation.

3. In affirming the trial court decision granting United partial summary judgment, we hold that the parties created an account stated for the accounting period through April 1972. By arriving at this determination, the issue concerning the propriety of the trial court's action in quashing the interrogatories is rendered moot. The interrogatories were directed toward probing the validity and accuracy of the figures appearing on each accounting statement. Our holding that an account stated was created by the parties makes the accounting statements and the figures appearing thereon final and not subject to challenge. The effect of this order quashing the interrogatories upon future proceedings for an

---

**5.** Rule 56.05, Rules of Civil Procedure, provides in part: " * * * When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averment or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

accounting subsequent to April 1972 is premature and not a proper subject for consideration in this proceeding.

Affirmed.