**GEORGIA–PACIFIC CORP., Appellants,**

v.

**GYPSUM GEORGE'S CASH & CARRY BUILDING MATERIALS, INC. and George Rybolt.**

**No. CO–83–2023.**

Court of Appeals of Minnesota.

April 17, 1984.

James L. Baillie, Fredrickson & Byron, P.A., Minneapolis, for appellants.

Michael R. Cunningham, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, for respondents.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Georgia-Pacific appeals an order denying reinstatement on the Hennepin County trial court calendar of its case against Gypsum George's Cash and Carry. The Chief Judge denied reinstatement because Georgia-Pacific's prejudgment interest claim was barred by a Minnesota Supreme Court affirmance of a summary judgment favoring Georgia-Pacific on the underlying contract claims. We affirm.

## FACTS

This appeal arose out of an action by Georgia-Pacific against Gypsum George to recover payment for materials sold and delivered to Gypsum George. Georgia-Pacific moved for summary judgment. The trial court, in a series of three orders, granted summary judgment on the underlying contract claim, but denied Georgia-Pacific's prejudgment interest claim.

The trial judge's original order granted summary judgment, but failed to specify the amount of the judgment. The clerk of court entered judgment, but refused to execute the judgment until it was reduced to a specific dollar sum.

The second order specified the amount of the judgment but excluded prejudgment interest because the record did not justify either an award of interest or the claimed rate. However, the amount awarded by the second order included some prejudgment interest.

The third order reduced the award by the amount of prejudgment interest erroneously included in the second order. It confirmed that Georgia-Pacific was not entitled to prejudgment interest because the due dates and amounts payable were uncertain.

Gypsum George appealed the initial summary judgment and amended its notice of appeal to cover both of the amended judgments. Georgia-Pacific did not contest the appealability of the original or the amended judgments. It included arguments on prejudgment interest in its brief to the Minnesota Supreme Court. The Supreme Court summarily affirmed the twice amended district court judgment.

The Hennepin County court administrator refused to reinstate the case on the court calendar for a trial on the question of prejudgment interest. The Chief Judge affirmed the denial.

### ISSUE

Does Minnesota Supreme Court affirmance of a summary judgment in favor of Georgia-Pacific on contract claims against Gypsum George bar a later trial on Georgia-Pacific's claim for prejudgment interest arising from the contract claims?

### ANALYSIS

Georgia-Pacific contends that the summary judgment issued by the trial judge was only a partial judgment and that it is now entitled to a trial on its prejudgment interest claims.

A partial summary judgment is appealable only if the trial court enters judgment and makes an express determination that there is no just reason for delay of an appeal. *Vista Fund v. Garis*, 277 N.W.2d 19, 21 n. 1 (Minn.1979); Minn.R. Civ.P. 54.02; Minn.R.Civ.App.P. 103. The trial judge ordered entry of the amended judgments, but never made an express determination that there was no just reason for delay of an appeal. Therefore, if the amended judgment was truly a partial summary judgment, it was interlocutory and not appealable. *Erickson v. General United Life Insurance Co.*, 256 N.W.2d 255, 259 (Minn.1977).

The Supreme Court, the trial court and the parties treated the judgment as a final judgment on all issues. Georgia-Pacific never challenged the appealability of the judgment. It actively argued the issue in its briefs to the Minnesota Supreme Court. Therefore, the Supreme Court's decision is res judicata on all matters in the case.

### DECISION

The Hennepin County court administrator refused to reinstate the case on the court calendar for a trial on the question of prejudgment interest. The Chief Judge affirmed the denial. We affirm.