**Delores RADEMACHER, Appellant,**

v.

**FMC CORPORATION, Respondent.**

**No. C6–88–1266.**

Court of Appeals of Minnesota.

Nov. 22, 1988.

Randall J. Fuller, Robert F. Mannella, Babcock, Locher, Neilson & Mannella, Anoka, for appellant.

Dale E. Beihoffer, Arthur H. Abel, Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and RANDALL and BOWEN, JJ.*

## OPINION

RANDALL, Judge.

Delores Rademacher appeals from a summary judgment dismissal of her age discrimination case. She alleges that her former employer, FMC Corporation, terminated her under the pretext of her low score on a skills rating which was performed as part of a reduction in force. She seeks remand for a trial on the merits.

## FACTS

Appellant Delores Rademacher was employed by the Northern Ordnance Division (NOD) of respondent FMC Corporation for approximately ten and one-half years. Upon her initial hiring, she was classified as a secretary grade 3. After various promotions, appellant received her final advance to secretary A grade 6. Appellant's job performance was satisfactory throughout her employment with respondent.

In 1986, NOD management decided to reduce the number of salaried personnel through a program including voluntary early retirement and division-wide involuntary layoffs. Ninety employees ended their employment by retiring early under an enhanced severance pay package.

Respondent then developed a "Reduction-in-Force" (RIF) plan to determine which salaried employees would be terminated involuntarily. Under the RIF, management in each department established different categories of skills expected to be maintained by each employee. The skill categories were tailored to each salaried position. Every salaried employee was reviewed by a management committee, and a numerical score was determined for each skill category. Each skill category score was then weighted according to the relative importance of the skill, and the weighted scores were added together to produce the employee's total score. The employees with the lowest scores were selected to be terminated.

Respondent's RIF plan was approved by its Human Resources Department and the Director of Salaried Personnel prior to implementation. Affidavits from various NOD executives stated that the RIF was designed to ensure that terminations would be based only on business factors and not on unlawful characteristics such as age. An RIF oversight committee was also established to enforce all written guidelines and procedures.

Under the RIF plan, respondent decided to eliminate five of the 13 secretarial positions in the Program/Business Development Department. Appellant was positioned within a particular division of that department consisting of eight secretaries.

In March or April of 1986, a group of five managers of the department met and conducted a skills assessment of each secretary in the entire department, including appellant, on the following skills:

General office skills

Interpersonal relationships

Time management

Knowledge about NOD

Knowledge about customers

Communications ability

Judgment

Confidentiality

Organizational skills

Appellant's weighted, total score was one of the five lowest out of the entire department of 13.

The RIF procedures described above resulted in the ranking of the following persons as the five lowest-rated of the 13 secretaries in the Program/Business Development Department: Rademacher (appellant), Hansen, Torgerson, Albertson, Perpich. Hansen, age 25, ranked lower than appellant. However, she was the secretary for the Catapult Launched Fuel Air Explosive project (CATFAE) and that project

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

was transferred to another division where there were no layoffs. Hansen was transferred with the project. The remaining four lowest ranking secretaries, including appellant, were terminated. Appellant was 43 years old at the time. Following her termination, the bulk of appellant's duties were transferred to Nelson, one of the eight retained secretaries in the department, who was in her 20's.

Both parties presented numerical data on the results of the RIF program and argued from those numbers. However, neither party presented any statistical analysis for the court to determine whether those arguments were statistically significant.

Respondent, at the time the termination notices were issued, posted internal job openings throughout the company and encouraged all terminated employees to apply. Of the 55 employees terminated under the RIF, 13 employees were placed in other positions within the company. Two of the employees were secretaries from appellant's department. The average age of all transferred employees was nearly 42. Appellant did not seek to be rehired through the placement process, even though at the time of her discharge several secretarial and clerical positions were available.

Appellant also provided outside placement services, however, the plaintiff utilized these services only to the extent of having her resume typed and copied. Appellant has sought reemployment since her discharge from NOD, yet remains unemployed.

Appellant brought suit in Anoka County alleging that respondent terminated her employment based on her age in violation of the Minnesota Human Rights Act, specifically, Minn.Stat. § 363.03, subd. 1(2)(b) (1986). The trial court issued an order (not an issue on appeal), based on a stipulation between the parties, dismissing without prejudice appellant's claims for attorney fees and punitive damages.

Respondent then moved for summary judgment on the issue of discrimination.

The trial court concluded, as a matter of law, that:

(1) Appellant established a prima facie case of age discrimination;

(2) Respondent presented sufficient admissible evidence establishing a legitimate non-discriminatory reason for terminating appellant's employment;

(3) Appellant failed to present specific facts demonstrating a genuine issue of material facts as to whether respondent's proffered explanation for its employment decision was a pretext for intentionally discriminating against appellant on account of age;

(4) Respondent is entitled to judgment as a matter of law;

The court granted respondent's motion for summary judgment.

Appellant now appeals the summary judgment.

## ISSUE

Did the trial court err in granting respondent's motion for summary judgment?

## ANALYSIS

Summary judgment will be affirmed on appeal if there is no genuine issue of material fact and the trial court did not err in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); Minn.R.Civ.P. 56.03.

Summary judgment is proper when the nonmoving party fails to provide the court with specific facts indicating that there is a genuine issue of fact. *Erickson v. General United Life Insurance Co.*, 256 N.W.2d 255, 258–59 (Minn.1977). To defeat a summary judgment motion, a party cannot rely on mere general statements of fact. *Id.* at 259. If a party relies on affidavits in opposition to a summary judgment motion, hearsay is insufficient to avoid summary judgment. *Kletschka v. Abbott–Northwestern Hospital*, 417 N.W.2d 752, 754 (Minn.Ct.App.1988).

The Minnesota Human Rights Act provides that it is an unfair employment

practice for an employer to discharge an employee because of age. Minn.Stat. § 363.03, subd. 1(2)(b) (1986). In analyzing discrimination cases brought under this Act, the Minnesota supreme court has mandated the adoption of the three-part test established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Sigurdson v. Isanti County,* 386 N.W.2d 715, 719–22 (Minn.1986); *Danz v. Jones,* 263 N.W.2d 395, 399–400 (Minn.1978) (analysis first adopted).

The *McDonnell Douglas* analysis consists of a prima facie case, an answer, and a rebuttal. First, plaintiff must present a prima facie case of discrimination by a preponderance of the evidence. Second, if plaintiff succeeds in proving a prima facie case, the burden shifts to defendant to articulate some legitimate, nondiscriminatory reason for the employer's adverse employment decision. Third, should defendant carry this burden, plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by defendant were merely a pretext for intentional discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–256, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981)

The shifting burden of proof established by the *McDonnell Douglas* test also applies to a motion for summary judgment in an age discrimination case. *McDaniel v. Mead Corp.,* 622 F.Supp. 351, 360 (D.C.Va. 1985), *aff'd,* 818 F.2d 861 (4th Cir.1987). If appellant fails to establish a prima facie case, summary judgment granted in favor of respondent is appropriate. *Matson v. Cargill, Inc.,* 618 F.Supp. 278, 281 (D.C. Minn.1985). If appellant did establish a prima facie case but then failed to set forth evidence which could establish a pretext for respondent's proferred nondiscriminatory reasons behind its employment decision, summary judgment granted in favor of respondent is also appropriate. *Shea v. Hanna Mining Co.,* 397 N.W.2d 362, 369 (Minn. Ct.App.1986) (citing *Parker v. Federal National Mortgage Association,* 741 F.2d 975, 979–80 (7th Cir.1984)).

## A) *Elements of a prima facie case*

*McDonnell Douglas* establishes a four-prong standard for determining a prima facie case, and specifically directs that the formulation of the prima facie case must be modified for varying factual patterns and employment contexts. *McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13; *Sigurdson,* 386 N.W.2d at 720. In the context of a discrimination action involving an employee's termination, the elements of a prima facie case are:

(1) that the employee was a member of the protected class,

(2) that the employee was qualified for the position held,

(3) that the employee was discharged, and

(4) that the employer assigned a non-member of the protected class to do the same work.

*Hubbard v. United Press International, Inc.,* 330 N.W.2d 428, 442 (Minn.1983).

The trial judge is justified in his finding of a prima facie case of age discrimination because:

(1) Appellant was 43 years old at the time of her termination and therefore was within the protected age class,

(2) Respondent does not dispute that appellant was qualified for the job,

(3) Appellant was terminated on May 21, 1986, and,

(4) The bulk of appellant's duties were transferred to Chris Nelson who was in her 20's.

## B) *Reasons for termination*

Once the plaintiff has established a prima facie case, there is a presumption that the employer discriminated against the employee. Then, the burden of proof shifts to the employer to present some legitimate nondiscriminatory reason for discharging

the employee. *Sigurdson,* 386 N.W.2d at 720; *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094. Terminating an employee to reduce costs under a valid RIF plan is a legitimate employment action. *Matthews v. Allis-Chalmers,* 769 F.2d 1215, 1217 (7th Cir. 1985); *Holley v. Sanyo Manufacturing, Inc.,* 771 F.2d 1161, 1168 (8th Cir.1985); *Matson v. Cargill, Inc.,* 618 F.Supp. at 283–84.

The trial court found that respondent met its burden of proof in that appellant was discharged as part of a valid RIF plan which was initiated to reduce business costs. This is not an issue on appeal.

### C) *Appellant's rebuttal: pretext*

If the employer succeeds in establishing the second tier of the *McDonnell Douglas* test, the burden returns to the employee to demonstrate that the employer's reasons or justification for the discharge are actually a pretext for discrimination. *Sigurdson,* 386 N.W.2d at 720, *Burdine,* 450 U.S. at 255–56, 101 S.Ct. at 1094–95. The employee has the burden of demonstrating, by a preponderance of the evidence, that such discrimination was intentional. *Id.* at 256, 101 S.Ct. at 1095.

The trial court found appellant failed to present any specific facts demonstrating a genuine issue of material fact as to whether respondent's RIF plan was merely a pretext for discharging respondent on account of her age.

Appellant first claims the skills ratings were subjective and biased in favor of younger, less experienced workers. The record is devoid of any facts supporting this contention. Appellant conceded during questioning at oral argument that the process utilized in evaluating appellant's skills was identical in every way to that outlined in evaluating the other secretaries to whom she was compared. The evaluation process was uniform relative to the eight secretaries within her division. Appellant was not singled out to her detriment when the skills ratings were performed. There was nothing about the evaluation process that applied to appellant differently than the other secretaries in her division. The rating method, if imprecise in certain areas, was applied uniformly to appellant and all in her class. Appellant was not, nor does she claim that she was, subjected to a rating method not used on others. All personnel were rated by precisely the same method. The trial court noted that the record does not reflect any discrimination because of age in the ratings.

Appellant also claims the biased ratings and the resulting terminations of the two most experienced secretaries (herself and Albertson) gives rise to a material fact question as to the motivation of respondent. She argues that because of her experience, she must by necessity score higher in some skill categories than less experienced employees. These are mere conclusory allegations and not supported by specific facts. They are insufficient to defeat respondent's motion for summary judgment.

Appellant next alleges that while she (age 43) and co-worker Albertson (age 45–50) were ranked numbers six and eight out of eight, respectively, and both were discharged, co-worker Hansen (age 25) was rated number seven out of eight and was retained as an employee. Appellant contends this gives rise to a genuine issue of material fact as to the motivation of the RIF and for appellant's discharge. This argument would have merit except for the fact that Hansen had been transferred to another department prior to the implementation of the RIF.

Hansen was the secretary for the Catapult Launched Fuel Air Explosive (CAT-FAE) project. That project was transferred to another department prior to the implementation of the RIF at issue. Hansen was not rated nor subject to a layoff in CATFAE, as there was a need for all employees in that department. There is nothing in the record to reflect that Hansen's transfer to CATFAE was a subterfuge or pretext to retain her but terminate appellant.

Had Hansen not been assigned to another department, appellant would have a stronger argument. However, Hansen's situation was not identical to that of appellant and Albertson because Hansen was transferred prior to the RIF. Hansen was not unfairly retained over appellant.

After a legitimate evaluation process, respondent discharged the two secretaries (appellant and Albertson) who ranked lowest in the skills ratings. The retention of Hansen as the result of her transfer prior to the RIF does not raise a genuine issue of pretext.

## DECISION

The trial court did not err in granting respondent's motion for summary judgment.

AFFIRMED.

PARKER, Judge (dissenting).

I respectfully dissent. The trial court has made it abundantly clear that the only question at issue is whether a genuine issue of material fact exists as to pretext. He has candidly recited that the skills ratings scoring was subjective. Yet the majority states that the ratings method "was applied uniformly to Rademacher and all her class." I do not understand how this can be known. Subjective ratings systems are inherently suspect because they prove nothing. The question invariably becomes one of impact, i.e., the proof is in the pudding.

The employee contends she has shown statistically that the impact of the reduction in force (RIF) applied by the subjective scoring of skills ratings on the program/business development division shows age discrimination. The trial court found that her statistical evidence failed to show pretext because:

(a) the sample size was too small and too selective to render the statistical argument credible;

(b) she failed to provide statistical analysis proving the significance of her figures; and

(c) the statistical results (impact) of the RIF is best demonstrated by scrutinizing its effect on the age composition of the entire Northern Ordnance workforce.

It is apparent that the trial court has decided two genuine issues of material fact against appellant:

(1) Choice of the population upon which the impact of an RIF is to be examined is often a hotly contested issue in a discriminatory impact case. Can an employer applying a subjective scoring skills test cull out a disproportionate number of older, longer tenured, higher salaried employees in one division if it does not do so throughout the entire workforce? Fifty-eight percent of those involuntarily terminated in appellant's division were over age 40. The court said sample size damaged the "credibility" of appellant's statistical argument, yet all reasonable inferences are to be made against the *movant* in deciding a motion for summary judgment.

(2) For the same reason, failure of the plaintiff to provide a statistical analysis proving the significance of her statistics cannot be a ground (although the trial judge is entitled to some sympathy on this) for granting the motion.

The fact is, appellant *has* made a showing, by raw data derived from impact of the RIF on her division, of disparate impact resulting from a subjective skills examination applied to secretarial work. Whether the right population to scrutinize was chosen and the weight to be given to her statistical evidence are questions for the finder of fact. The trial court treated them as such and decided them, perhaps rightly; the problem is he had only a motion for summary judgment before him. I would reverse the summary judgment and remand for trial.