*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0036**

Robert L. Eggerichs,
Appellant,

vs.

The Auto Club Services, Inc.,
Respondent.

**Filed November 30, 2015
Affirmed
Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-CV-14-1780

William L. French, Rochester, Minnesota (for appellant)

Martin S. Fallon, Leora M. Itman, Maslon Edelman Borman & Brand, Minneapolis, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Stauber, Judge; and Klaphake, Judge.

# UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Robert L. Eggerichs challenges the summary-judgment dismissal of his claims for discriminatory discharge based on age, arguing that the district court erred by

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

concluding that he failed to present evidence sufficient to create a genuine issue of material fact as to whether he was replaced by a nonmember of the protected class. Because no genuine issue of material fact exists concerning replacement, we affirm.

## D E C I S I O N

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. We review the district court's grant of summary judgment de novo, to determine whether there are genuine issues of material fact and whether the district court erred in applying the law. *Mattson Ridge, LLC v. Clear Rock Title, LLP*, 824 N.W.2d 622, 627 (Minn. 2012). "We view the evidence in the light most favorable to the party against whom summary judgment was granted. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002). But "[m]ere speculation, without some concrete evidence, is not enough to avoid summary judgment." *Bob Useldinger & Sons, Inc. v. Uangsleben*, 505 N.W.2d 323, 328 (Minn. 1993). A party opposing summary judgment "cannot rely upon mere general statements of fact but rather must demonstrate . . . that specific facts are in existence which create a genuine issue for trial." *Hunt v. IBM Mid. Am. Emp. Fed. Credit Union*, 384 N.W.2d 853, 855 (Minn. 1986).

Under the Minnesota Human Rights Act, an employer may not discharge an employee based on age. Minn. Stat. § 363A.08, subd. 2(2) (2014). A plaintiff may prove age discrimination through direct or circumstantial evidence. *Goins v. West Grp.*, 635 N.W.2d 717, 722-24 (Minn. 2001). When direct evidence is unavailable, Minnesota courts apply the three part burden-shifting test established by *McDonnell Douglas Corp.*

2

*v. Green,* 411 U.S. 792, 93 S. Ct. 1817 (1973). *Goins,* 635 N.W.2d at 724. Under the *McDonnell Douglas* framework, a plaintiff must first show by a preponderance of the evidence that there is a prima facie case of discrimination. *Id.* Summary judgment is appropriate if the employee fails to establish a prima facie case. *Albertson v. FMC Corp.*, 437 N.W.2d 113, 116 (Minn. App. 1989). A prima facie case requires proof that the plaintiff (1) is a member of the protected class, (2) was qualified for the position from which he was discharged, and (3) was replaced by a nonmember of the protected class. *Ward v. Employee Dev. Corp.*, 516 N.W.2d 198, 201 (Minn. App. 1994), *review denied* (Minn. July 8, 1994).

The parties dispute whether Eggerichs presented sufficient evidence to create a fact issue on whether he was replaced by a nonmember of the protected class. "A person is replaced only when another person is hired or reassigned to perform the plaintiff's duties." *Dietrich v. Canadian Pac. Ltd.*, 536 N.W.2d 319, 324 (Minn. 1995) (quotation omitted).

Respondent Auto Club Group, Inc. (ACG), hired Eggerichs in 1974 as a sales and service agent. In December 2011, following an investigation, ACG concluded that Eggerichs had violated a company policy that prohibits employees from sharing their computer user names or passwords without prior approval and discharged him from employment. After Eggerichs was terminated, his clients automatically became "house accounts." This meant that they were not assigned to a particular agent, but were required to call ACG's main toll-free telephone number to speak with an available insurance call-center employee, who would take the call and service the caller's needs.

Eggerichs acknowledged in his deposition that house accounts are not assigned to a specific agent and that other than people he had referred to another agent, he was not aware of any of his former clients being assigned to a specific agent.

Eggerichs testified in a deposition that two days before he was discharged, a younger person began working at the desk next to Eggerichs's desk. Eggerichs testified, "I just assumed he was . . . hired." When asked whether he knew for sure that the person was an employee, Eggerichs replied: "Well, he was sitting next to me and he asked me if he could listen to me so he could learn something. I'm assuming that he was an employee because he was going to sell insurance he said."

In a later affidavit, Eggerichs stated:

> 3. The Monday of the week I was fired, [K.S.] showed up for work in my office for the first time as an insurance sales and service agent. He had previously worked for the company as a telemarketer in our office, selling AAA memberships. When he came to work on that Monday, he was assigned a desk right next to mine. Between then and Wednesday, when I was suspended, he observed everything I did and listened in to all my phone calls, asking me questions when I wasn't busy. I was, in effect, training him in for his new position. . . .
>
> 4. One does not have to be licensed to sell AAA memberships. But, when [K.S.] reported for work on that Monday, he had become a licensed insurance sales and service agent.
>
> 5. Normally, there were three full-time insurance sales and service agents in my office. That number had been constant for ten years. There was not, however, enough business to support a fourth agent.

4

The district court did not consider Eggerichs's affidavit. Affidavits that contradict earlier deposition testimony generally cannot be used to create a genuine issue of fact. *Hoover v. Norwest Private Mortg. Banking*, 632 N.W.2d 534, 541 n.4 (Minn. 2001). But a post-deposition affidavit may raise a factual issue when the deposition reveals confusion or mistake and when the affidavit seeks to explain the deposition testimony. *Banbury v. Omnitrition Int'l, Inc.,* 533 N.W.2d 876, 881 (Minn. App. 1995).

Eggerichs argues that his affidavit clarified his deposition by filling in gaps in the testimony. Even if Eggerichs's affidavit is considered, the evidence was insufficient to create a genuine fact issue for trial. The only information about K.S. in the affidavit is that K.S. was a licensed insurance agent, he wanted to learn from Eggerichs, and he sat at a desk next to Eggerichs's desk. Neither the affidavit nor any other evidence in the record provides any specific information about K.S.'s job duties.

Citing Title VII cases, Eggerichs argues that this court should not strictly adhere to the requirement of replacement by someone outside of the protected class. The Title VII cases stand for the proposition that it is not necessary for a plaintiff to show that he was replaced by a person outside of the protected class, but still require a showing that the defendant replaced the plaintiff with a younger person or sought to replace the plaintiff with someone with similar qualifications. *See, e.g.*, *Rinehart v. City of Independence*, 35 F.3d 1263, 1265-66 (8th Cir. 1994) (stating that prima facie case of age discrimination in a non-reduction-in-force case does not require a showing that the plaintiff was replaced by someone outside of the protected class of workers age 40 or older, or that age was a factor in the termination decision, but rather a showing that the plaintiff "was replaced by

5

someone younger"); *Davenport v. Riverview Gardens Sch. Dist.*, 30 F.3d 940, 944-45 (8th Cir. 1994) (stating that is sufficient to show that the defendant sought to replace the plaintiff with someone having similar qualifications).

The record contains no evidence that any of Eggerichs's accounts were assigned to K.S. Nor does the record contain evidence that K.S.'s job duties were the same as or similar to those of Eggerichs. Therefore, the district court properly concluded that the evidence was insufficient to create a genuine issue of material fact on whether K.S. replaced Eggerichs and granted summary judgment for ACG.

**Affirmed.**